UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:05-CR-148 |
| V. ) | (PHILLIPS/GUYTON) |
| ) | |
| ANTONIO VARAGAN, a/k/a ) | |
| VICENTE CORONA, ) | |
| ) | |
| Defendant. ) | |

**ORDER AMENDING ORDER OF DETENTION**

This matter came before the Court on February 17, 2006 for a hearing on the government's Motion To Re-Open Detention Hearing On The Issue Of Risk Of Flight [Doc. 25]. Michael E. Winck, Assistant United States Attorney, was present for the government. Alfred S. Donau, III and Stephen R. Johnson were present for the defendant, Vincente Corona ("Corona"), a/k/a Antonio Varagan. The defendant Corona also was present.

In support of its motion, the government presented an Immigration Detainer against the defendant filed on February 15, 2006, a copy of a drivers license which allegedly showed the defendant Corona posing as Antonio Varagan, and an updated criminal history of the defendant Corona. The government proffered that B.I.C.E. intends to deport the defendant Corona to Mexico due to his criminal history and the fact that he re-entered the United States illegally after a prior deportation. The government also argued that Corona, if convicted under the present Indictment, is facing a mandatory life sentence. Finally, the government relies on the statutory rebuttable presumption that no conditions of release will reasonably assure the appearance of the defendant as required.

The defendant Corona proffered that he has a wife and children who are United States citizens, that he owns property in California, that he intends to contest deportation and hopes to remain in the United States, that he has no failures to appear on his record, and that he would agree to home monitoring or other conditions of bond. The defendant agreed with the government that the presumption applies in this case.

The Court found that the government's Motion [Doc. 25] was well-taken and it was **GRANTED**. The Court further found that the Detention Order in this case dated January 10, 2006 [Doc. 9] should be amended based on the Immigration Detainer and the potential life sentence, and therefore that Detention Order [Doc. 9] is hereby amended as follows:

> IV. A. The Court finds that no condition or combination of condition[s] will reasonably assure:
>
> (X) the appearance of defendant as required.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge