UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-148 |
| | ) | (PHILLIPS/GUYTON) |
| JERMAINE HUGHES, | ) | |
| VICENTE CORONA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on September 1, 2006, for consideration of the Motion To Compel Medical Treatment [Doc. 140] filed by the defendant Vicente Corona. Michael Winck, Assistant United States Attorney, was present for the government. Alfred Donau, III and Stephen Johnson were present as counsel for the defendant Vicente Corona, who was also present.

Movant, who is in custody, seeks to have the Court order that he receive surgery to repair a hernia. Movant alleges that the hernia, if not repaired, will continue to cause him pain and suffering, and could become strangulated. A strangulated hernia, generally speaking, is an irreducible hernia in which normal blood supply is arrested. In such a case, emergency surgery may be required. Movant characterizes the condition as potentially life threatening.

The evidence at the hearing established that the defendant Corona was examined by a surgeon in May, 2006. The surgeon concluded that surgery would be required, but that it would

1

not need to be performed for six months, approximately, so long as the condition did not worsen. In July, Corona was examined by either a nurse practitioner or a physician's assistant. The conclusion of that examination was that Corona's condition was unchanged from May, 2006.

After the taking of evidence, the parties conferred and advised the Court that they were in agreement for Corona to be examined again by the surgeon. The surgeon would evaluate the condition of the hernia, with due consideration of the pain factor, and opine as to the recommended time frame for surgery. The parties then will report back to the Court.

The Court finds that this agreement is reasonable and therefore, the Court hereby **GRANTS** the Motion **[Doc. 140]** to the extent of ordering that the foregoing agreement be implemented promptly by the government and the United States Marshal.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge