**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:05-cr-148 |
| | ) | Judges Phillips/Guyton |
| JERMAINE HUGHES, | ) | |
| DENNIS RICHARDSON, and | ) | |
| VICENTE CORONA | ) | |
| | | |
| Defendants. | | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT CORONA'S MOTION TO DISMISS ON BASIS OF IMPROPER VENUE**

## I. INTRODUCTION

In response to Mr. Corona's motion to dismiss on the basis of improper venue, the government principally relies upon Whitfield v. United States, 543 U.S. 209 (2005) and United States v. Shabani, 513 U.S. 10 (1994). Neither Whitfield nor Shabani address the constitutional venue issue raised by Mr. Corona.

In his original motion, Mr. Corona argued that the Superseding Indictment is constitutionally and procedurally insufficient pursuant to, among other authorities, the constitutional rule enunciated in Blakely v. Washington, 124 S. Ct. 2531 (2004); Ring v. Arizona, 536 U.S. 584 (2002); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Jones v. United States, 526 U.S. 227 (1999), in that it fails to allege sufficient facts necessary for a conviction to be had. Specifically, the Superseding Indictment fails to sufficiently allege the sufficient facts that would establish constitutional venue within the Eastern District of Tennessee. See U.S. v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999).

Case 3:05-cr-00148-RLJ-HBG Document 213 Filed 11/21/06 Page 1 of 6 PageID #: <pageID>

## II. ALL FACTS NECESSARY FOR CONVICTION MUST PLEADED IN THE INDICTMENT

The Supreme Court has held that the Fifth Amendment Indictment clause and the Sixth Amendment Notice clause require an inquiry to determine (1) whether the indictment "contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet," and (2) "in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Russell v. United States, 369 U.S. 749, 763-64 (1962); see also United States v. Sturman, 951 F.2d 1466, 1479 (6th Cir. 1991) (citing Russell).

> As Professors LaFave, Israel, and King have observed, "the Hamling standard actually includes three requirements: (1) inclusion of the elements of the offense; (2) providing adequate notice as to the charge; and (3) providing protection against double jeopardy." Wayne R. LaFave, et al., 4 CRIMINAL PROCEDURE, § 19.2(a), at 746 (1999). They have also noted that the first requirement, known as the "essential elements" requirement, is based primarily upon a third pleading function, sometimes characterized as the "judicial review" function. That function has been described by the Supreme Court as "inform[ing] the [trial] court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." Although this "judicial review" function is mentioned far less frequently than the "notice" and "double jeopardy" functions, it remains a cornerstone of both federal and state pleading requirements. Id. § 19.2(d), at 753-54 (citing *United States v. Cruikshank*, 92 U.S. (2 Otto) 542, 558, 23 L.Ed. 588 (1875)) (footnotes and citations omitted).

United States v. Landham, 251 F.3d 1072, 1080, n.4 (6th Cir. 2001) (dismissing indictment).

Recently, the United States Supreme Court has affirmed the significance of these protections offered by the Fifth and Sixth Amendments. Pursuant to the rule established in Blakely v. Washington, 542 U.S. 296 (2004); Ring v. Arizona, 536 U.S. 584 (2002); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Jones v. United States, 526 U.S. 227 (1999), any fact that is necessary to conviction or sentencing must be charged in the indictment and proven to the jury

beyond a reasonable doubt. As the Blakely court explained, the rule expressed in these cases "reflects two longstanding tenets of common-law criminal jurisprudence: that the 'truth of every accusation' against a defendant 'should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbours,' and that 'an accusation which lacks any particular fact which the law makes essential to the punishment is ··· no accusation within the requirements of the common law, and it is no accusation in reason.'" Blakely, 542 U.S. at 301-02. It is clear that venue is such a fact that is necessary to conviction. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI.

Because proof of venue is essential to the government's case, if the government does not establish venue, upon a defendant's objection the case must be dismissed.[1] U.S. v. Scaife, 749 F.2d 338, 346 (6th Cir.1984). Both the United States Constitution and Fed. R. Crim. Proc. 18 provide that a person can be tried for a crime only where that crime was committed. U.S. v. Cabrales, 524 U.S. 1, 6-7 (1998). Accordingly, facts establishing venue are constitutionally required. The government must prove that venue was proper as to each count charged. U.S. v. Crozier, 259 F.3d 503, 519 (6th Cir.2001).

The United States Supreme Court has recognized that dismissal may be the appropriate remedy for failure to allege venue when the issue is first raised with the trial court prior to trial. In Knewel v. Egan, 268 U.S. 442 (1925), the Court stated:

> A mere failure to allege venue, and thus to show affirmatively that the crime was committed within the territorial jurisdiction of the court, does not deprive the

---

[1] Mr. Corona acknowledges that some cases have found that although defendants have a right to be tried in the proper forum, there is no corresponding right to be charged with the proper venue. See United States v. Stein, 429 F. Supp. 2d 633 (S.D. N.Y. 2006); United States v. Votteller, 544 F.2d 1355 (6th Cir. 1976). However, it does not appear that any of the cases have considered the constitutional challenge presented by Mr. Corona.

court of jurisdiction over the cause, and the sufficiency of the indictment cannot be called in question upon habeas corpus. *Even though an indictment thus drawn might have been found defective upon demurrer or writ of error*, it is not so fatal, upon its face, as to be open to collateral attack after trial and conviction. United States v. Pridgeon, 153 U. S. 48, 59, 14 S. Ct. 746, 38 L. Ed. 631; and see State v. Egan, 44 S. D. 273, 277, 183 N. W. 652.

Id. at 446 (emphasis added). Under the pleading rules in effect at the time of the Knewel decision, a *demurrer* was the equivalent of a dismissal based upon insufficiency of the charging instrument. As the Sixth Circuit has recently stated in another case in which undersigned counsel was involved:

> At oral argument, defendants claimed that [United States v.]Cook[, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538 (1872)], is a relic of common-law pleading and has no application to the modern Federal Rules of Criminal Procedure. But to say that Cook does not control because it spoke of "demurrers," "special pleas" and "evidence under the general issue" instead of using the up-to-date terminology of the Federal Rules gives too much credit to linguistic trends and too little credit to the stability of the law. All of these antiquated terms of course have modern analogues, just as today's terminology is apt one day to have future analogues of its own. *In this case, for example, a pretrial motion alleging a "defect in the indictment" under the Federal Rules, see Fed.R.Crim.P. 12(b)(3)(B), represents the modern equivalent of a "demurrer" because both pleadings serve to attack the facial validity of the indictment.*

United States v. Titterington, 374 F.3d 453, 457 (6th Cir. 2004) (emphasis added).

Additionally, in relying upon the Supreme Court's decision in Knewel, in United States v. Brenan, 457 F.2d 1062 (6th Cir. 1972), the Sixth Circuit stated that "if the failure to state venue had been presented to the trial court at the time of the first trial the court might well have been justified in dismissing Counts II and III of the Indictment." Id. at 1066. Because the issue was raised for the first time on second appeal, the court deemed the issue waived and denied relief.

## III. NEITHER *WHITFIELD V. UNITED STATES* NOR *UNITED STATES V. SHABANI* ADDRESSED THE SUFFICIENCY OF AN INDICTMENT FOR FAILURE TO ALLEGE VENUE

In its response to Mr. Corona's motion to dismiss, the government principally relies upon Whitfield v. United States, 543 U.S. 209 (2005). However, as Whitfield did not address a challenge to the sufficiency of the indictment for failure to allege facts sufficient to establish venue, the case is inapposite.

In Whitfield, the court was asked to determine whether proof of an overt act in furtherance of the conspiracy is required by 18 U.S.C. § 1956(h) in order to convict a defendant for conspiracy to commit money laundering. The Whitfield decision was one of statutory interpretation. The court focused on whether, in enacting the statute, Congress intended to impose such a requirement. Although there was some discussion as to a venue provision in the statute, the specific question addressed was not whether allegations relating to venue are constitutionally required.

The government's reliance on United States v. Shabani, 513 U.S. 10 (1994) is also misplaced. Like Whitfield, the Shabani decision is one of statutory analysis. The Supreme Court simply addressed whether proof of an overt act in furtherance of the conspiracy was required under 18 U.S.C. § 846. The Shabani court was not faced with a challenge as to the sufficiency of the venue allegations in the indictment.

In his motion, Mr. Corona does not suggest that the indictment is insufficient for failure to charge an overt act in Count 1 or Count 2 of the indictment. Rather, the argument advanced by Mr. Corona is that the indictment is insufficient for failure to allege facts that would properly establish venue.

## III. CONCLUSION

Because the Superseding Indictment fails to allege sufficient facts to establish that venue is appropriate in the Eastern District of Tennessee, it must be dismissed. Alternatively, should the court find that the indictment is sufficient despite the failure to allege sufficient facts establishing venue, the government should be required to set out the facts establishing venue in a bill of particulars. See Touhy v. United States, 88 F.2d 930 (8th Cir. 1937) (stating that failure of indictment to make sufficient allegation of venue may "be remedied by bill of particulars").

Respectfully submitted this 21st day of November, by:

**RITCHIE, DILLARD, & DAVIES, P.C.**

s/ Stephen Ross Johnson
**STEPHEN ROSS JOHNSON, ESQ.**
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
srj@rddlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen Ross Johnson
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661