UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:05-CR-148 |
| ) | (Phillips) |
| VICENTE CORONA ) | |

## ORDER OF DETENTION

This matter came before the court for hearing on February 14, 2007, on defendant's motion for revocation of detention order [Doc. 21]. The defendant appeals the magistrate judge's decision continuing his detention pending trial on conspiracy to possess and distribute in excess of five kilograms of cocaine and money laundering. The United States opposes defendant's motion [Doc. 23].

On January 10, 2006, Magistrate Judge Jennifer Lum, United States District Court, Central District of California, Western Division, entered an order of detention finding the defendant to be a danger to the community. At a hearing on February 17, 2006, before the Honorable H. Bruce Guyton, Magistrate Judge, Eastern District of Tennessee, on the government's motion to reopen the detention hearing, Judge Guyton amended the order of detention, finding that the defendant posed a risk of flight if not detained pending trial [Doc. 32].

When a district court reviews an order of detention by a magistrate judge, review is *de novo*. *United States v. Cisneros,* 328 F.3d 610, 616 n. 1 (10th Cir. 2003) (district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release); *United States v. Koenig,* 912 F.2d 1190, 1193 (9th Cir. 1990) (district court is to make its own determination without deference to the magistrate judge's findings).

In support of his motion to revoke detention, defendant submitted he has a wife and children who are United States citizens, that he owns property in California, that he intends to contest deportation and hopes to remain in the United States, that he has no failures to appear on his record, and that he would agree to home monitoring or other conditions of bond. Defendant presented the testimony of Carmen Johnson, defendant's cousin through marriage. Ms. Johnson has lived in Chattanooga for more than 18 years and has been employed with Federal Express for 10 years. Ms. Johnson testified that defendant and his family could reside in her home if defendant is released on bond.

For its part, the government proffered that defendant has been convicted of three prior felony drug offenses, that the defendant made plans to escape from the Blount County Jail and made representations of his intentions to kill a government witness and that government witness' mother. The government presented a copy of a driver's license which allegedly showed the defendant posing as Antonio Varagan. In addition, Carol Cavin, Pretrial Services Officer, confirmed that an Immigration Detainer against the defendant was

filed February 15, 2006, and that Immigration intends to deport defendant to Mexico due to his criminal history and the fact that he re-entered the United States illegally after a prior deportation.

Under 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance and the safety of the community. The factors to be considered include the nature and circumstances of the offense charged, the weight of the evidence against the person, and the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). Subject to rebuttal, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act. 18 U.S.C. § 3142(e). The presumption arises if a defendant is indicted for such a crime. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the defendant comes forward with evidence, the presumption in favor of detention does not simply vanish but becomes one factor to be considered. *See e.g., United States v. Lattner,* 23 Fed.Appx. 363 (6th Cir. 2001) (court may continue to give the presumption some weight by keeping in mind that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society," *quoting United States v. Hare,* 873 F.2d 796-798-99 (5th Cir. 1989)). The government retains the burden of persuasion. *Id; see also United States v. Sexton,* 2000 WL 191667 (6th Cir. Feb. 3, 2000); *United States v. Hoskins,* 1999 WL 282678 (6th Cir. Apr. 19, 1999).

In this case, the defendant has been indicted and charged in an indictment which carries a maximum term of imprisonment in excess of ten years. Thus, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community if he were released on bond.

The United States has proffered that the evidence will include the seizure of more than thirteen kilograms of cocaine for which defendant is responsible, the testimony of coconspirators, and recorded conversations of defendant in which he admits his involvement in a conspiracy to distribute cocaine. The United States submits defendant is responsible for the distribution of more than 100 kilograms of cocaine to the Eastern District of Tennessee.

Defendant's history includes three prior felony drug convictions, a deportation for being an illegal alien, a subsequent illegal re-entry into the United States, a revocation of probation, and other criminal charges. From the Pretrial Services Report, it appears that defendant was on probation at the time of the commission of the instant offense. Defendant's prior record reflects that if he is released on bond, he will continue to violate the law by distributing drugs and to violate any conditions of release set by the court. Moreover, if defendant is convicted of the charges set forth in the indictment, he will be facing a mandatory term of life imprisonment.

From the evidence presented, there is probable cause to believe that the defendant has committed a narcotic or controlled substance offense with a maximum sentence of ten or more years. Considering the factors stipulated by 18 U.S.C. § 3142(g), it appears to the court by clear and convincing evidence that defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant, there is a serious risk that the defendant will flee, and there is a serious risk that the defendant will attempt to threaten, injure or intimidate a prospective witness. Therefore, the clear and convincing evidence establishes that no condition or combination of conditions will adequately assure community safety or the appearance of the defendant as required. Accordingly, the defendant shall be detained pending his trial currently scheduled to commence at 9:00 a.m. on July 24, 2007.

Finally, defendant's argument that the United States and the magistrate judge inappropriately relied on the Immigration Detainer filed against defendant in violation of the provisions of 18 U.S.C. § 3142(d)(2) is misplaced. The United States has never relied on or invoked the provisions of 18 U.S.C. § 3142(d)(2). The status of the Immigration Detainer is not a factor in this court's determination that defendant shall be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation

with defense counsel.  On order of a court of the United States or on a request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

**ENTER:**

	s/ Thomas W. Phillips	
	United States District Judge