# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:05-CR-148 |
| ) | (Phillips) |
| VICENTE CORONA ) | |

## MEMORANDUM AND ORDER

This matter came before the court for hearing on February 14, 2007, on defendant's appeal of the magistrate judge's order continuing the trial of this case. In addition to appealing the continuance of the trial date in this case, defendant Vincente Corona argues that the continuance has resulted in a violation of the Speedy Trial Act and his Sixth Amendment right to a speedy trial. Defendant asserts that he is entitled to a dismissal of the indictment against him, with prejudice, as a result of such violations.

The record shows that defendant Corona was arrested in California on January 7, 2006. After a detention and a transfer hearing in the Central District of California, he was ordered removed to the Eastern District of Tennessee on January 18, 2006. Defendant Corona has been detained at the Blount County Detention Center since his arrival in this district on February 13, 2006. His initial appearance was held on February 15, 2006, and trial was set for April 11, 2006.

On March 6, 2006, the defendants jointly moved to continue the trial, the motion was granted by the magistrate judge, and the trial was continued to September 19, 2006. Corona moved the court for a continuance of the September 19 trial date because of the return of a superseding indictment. The magistrate judge entered an order on September 8, 2006, setting the trial on the superseding indictment for January 11, 2007, and setting a pretrial motions hearing for November 8, 2006.

Two days before the November 8 motions hearing, counsel for co-defendant Jermaine Hughes, filed a motion to withdraw due to a conflict of interest. On November 8, the magistrate judge appointed new counsel for Hughes and set a scheduling conference for November 14 to discuss a date to reset the pretrial motions hearing and the trial. At the November 14, 2006 conference, the magistrate judge granted an oral motion to continue the trial by defendant Hughes, over the objection of defendant Corona, and reset the pretrial motions hearing to December 18, 2006, and the trial to March 13, 2007.

The week prior to the December 18 hearing, defendant Hughes filed a *pro se* motion for review of counsel. On the morning of December 18, the magistrate judge met with counsel for the parties to discuss Hughes' motion. Counsel for defendant Corona objected to any continuance of the hearing. The magistrate judge found that Hughes should receive new counsel. After appointing new counsel, and upon Hughes' counsel orally moving the court for a continuance, the magistrate judge continued the trial to July 24, 2007, and the pretrial motions hearing to March 6, 2007.

Defendant Corona appeals the magistrate judge's order continuing the trial, and argues that the continuance has resulted in a violation of the Speedy Trial Act and his Sixth Amendment right to a speedy trial. Corona asserts that he is entitled to a dismissal of the indictment against him, with prejudice, as a result of such violations.

## I.  Speedy Trial Act

The Speedy Trial Act generally requires that the trial of a defendant charged by indictment commence within seventy (70) days of the filing of the indictment or the date on which defendant first appears before a judicial officer in the district in which the defendant is charged, whichever date occurs last.  18 U.S.C. § 3161(c)(1).  Section 3161(h)(8)(A) provides for an excludable period of delay resulting from a continuance granted by the court upon motion of a defendant and the court's "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

On March 6, 2006, all three defendants charged in the original indictment jointly moved to continue the trial in this case.  On March 13, 2006, the magistrate judge entered an order granting defendants' motion after making an "ends of justice" finding.  The court held that the time between the March 10, 2006 hearing and the new trial date of September 19, 2006, was fully excludable under 18 U.S.C. § 3161(h)(8)(A).

On August 15, 2006, a superseding indictment was returned. On August 31, 2006, defendant Corona filed his second motion to continue. The magistrate judge granted the motion and trial was set for January 11, 2007. The magistrate judge entered a memorandum and order granting the motion to continue and making an "ends of justice" finding. The memorandum and order held that the time between the September 19 hearing and the January 11, 2007 trial date was excludable time under the Speedy Trial Act.

The record reflects that defendant Corona has filed the following pretrial motions in this case: (1) motion to revoke order of detention, filed February 16, 2006 [Doc. 21]; (2) motion to suppress recordings, filed June 30, 2006 [54]; (3) motion to exclude statements, filed June 30, 2006 [Doc. 56]; (4) motion to determine existence of conspiracy, filed June 30, 2006 [Doc. 58]; (5) motion to compel, filed June 30, 2006 [Doc. 60]; (6) motion to suppress statements, filed July 4, 2006 [Doc. 82]; (7) motion in limine to preclude admissibility of prior convictions, filed October 6, 2006 [Doc. 157]; (8) motion in limine to preclude admissibility of immigration status, filed October 6, 2006 [Doc. 158]; (9) motion to dismiss on basis of improper venue, filed October 6, 2006 [Doc. 159]; (10) motion for date of production, filed November 8, 2006 [Doc. 206]; and (11) motion to compel discovery, filed November 30, 2006 [Doc. 214].

On November 6, 2006, counsel for co-defendant Hughes filed a motion to withdraw based upon a conflict of interest. At a hearing on November 8, the motion was granted and new counsel was appointed to represent Hughes. A status conference was

scheduled for November 14, 2006. During the November 14 status conference, counsel for Hughes moved to continue the trial. The motion was not opposed by the government; however, defendant Corona opposed continuing the trial. The magistrate judge found that a continuance was necessary to allow defendants and the government reasonable time to effectively prepare for the hearings on the various motions and for the trial. The memorandum and order found that the ends of justice served by granting the motion outweighed the best interest of the public and the defendants in a speedy trial. The trial was reset for March 13, 2007. The court found that the period of time between the November 14, 2006 hearing and the new trial date of March 13, 2007, was fully excludable under the provisions of the Speedy Trial Act.

On December 12, 2006, defendant Hughes filed a *pro se* motion for review of counsel. At a December 18 hearing on the motion, Hughes advised the court that in his opinion his counsel had been ineffective and expressed his desire to have his counsel relieved. The magistrate judge granted' Hughes' request and appointed new counsel. Hughes' counsel then orally moved to continue the March 13, 2007 trial date and the date for a hearing on pretrial motions in order that he might have time to prepare. Defendant Corona objected to the continuance. The magistrate judge, in a memorandum and order entered December 20, 2006, found that new counsel for defendant Hughes needed time to review discovery and prepare motions on defendant's behalf and to prepare for the pretrial hearing and the trial. The court found that the ends of justice served by granting defendant Hughes' motion to continue the trial outweighed the best interest of the public

and the defendants in a speedy trial. Trial was continued from March 13, 2007 until July 24, 2007. The magistrate judge found that the period of time between December 18, 2006 and the new trial date of July 24, 2007, was fully excludable under the provisions of the Speedy Trial Act.

18 U.S.C. § 3161(h)(7) provides for excludable time "when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." Time excludable under the Speedy Trial Act as to a co-defendant applies to a defendant from whose case that co-defendant has not been severed. *See United States v. Snelling,* 961 F.2d 93, 95 (6th Cir. 1991); *United States v. Holyfield,* 802 F.2d 846, 848 (6th cir. 1986). Defendant Corona's case has not been severed from co-defendant Hughes' case. Therefore, the time from November 14, 2006 until March 17, 2007, and the time from December 18, 2006 until July 24, 2007 is excludable under the provisions of the Speedy Trial Act.

In addition, 18 U.S.C. § 3161(h)(1)(F) provides for excludable time "resulting from other proceedings concerning the defendant, including but not limited to delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion. As stated above, defendant Corona has filed eleven pretrial motions in this case. In particular, he filed a motion for revocation of detention order on February 16, 2006. Defendant Corona requested the court to delay ruling upon his motion until he obtained transcripts from the detention hearing held in the

California court.  Defendant did not submit these transcripts to the court until January 5, 2007.  The government responded to the motion on January 16, 2007, and defendant filed a reply on February 13, 2007.  This court heard oral argument on the motion to revoke order of detention on February 14, 2007, and denied the motion in a detention order filed February 22, 2007.  Defendant's other ten motions remain pending, and will be heard by the magistrate judge at a motion hearing scheduled for March 6, 2007.  As a result of defendant's motion to revoke the order of detention, filed February 16, 2006, only two (2) days have accrued towards the seventy-day limit in which trial must take place under the terms of the Speedy Trial Act.  Thus, defendant's motion to dismiss pursuant to the Speedy Trial Act is without merit and will be denied.

Assuming, *arguendo,* that there has been a violation of the Speedy Trial Act, the appropriate remedy would be dismissal without prejudice and not with prejudice as argued by defendant.  The Sixth Circuit has set out three factors for determining whether dismissal for a Speedy Trial Act violation should be with or without prejudice.  Those factors are (1) the seriousness of the offenses charged, (2) the facts and circumstances leading to the dismissal, and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice.  *United States v. Robinson,* 389 F.3d 582, 586 (6th Cir. 1004) citing *United States v. Taylor,* 487 U.S. 326, 334 (1988).

The length of a defendant's sentence is examined to determine the seriousness of the offense.  *Id.* at 588.  In this case, defendant is facing a mandatory term

of life imprisonment. Thus, this is a serious offense favoring dismissal without prejudice. Next, no delay in this case was precipitated by the government. The initial nine month delay resulted from motions to continue by defendant Corona. The final six and one-half month delay resulted from motions made by co-defendant Hughes. The last factor the court must consider is the impact of reprosecution on the administration of justice. This final factor focuses on whether defendant Corona has suffered any actual prejudice. As explained below, defendant cannot show actual prejudice. Accordingly, even if the court were to find that the Speedy Trial Act has been violated, the appropriate remedy would be dismissal without prejudice.

## II. Sixth Amendment

Defendant Corona also moves to dismiss the indictment on the ground that he has been denied his right to a speedy trial under the Sixth Amendment. The Sixth Amendment provides that "[i]n all prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." In *Barker v. Wingo,* 407 U.S. 514 (1972), the Supreme Court established a four-pronged balancing test to determine whether an accused's right to speedy trial has been violated. In making such a determination, district courts must consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Id.* at 530. The length of the delay acts as a triggering mechanism. If the delay is found to be presumptively prejudicial, then the district court must consider the other factors. *See Doggett v. United States,* 505

U.S. 647, 652 (1992) (delays approaching one year or more are generally sufficient to trigger the presumption of prejudice).

      A.      Length of Delay

Corona was arrested in California on January 7, 2006. After a detention hearing and a transfer hearing in the Central District of California, he was ordered removed to the Eastern District of Tennessee on January 18, 2006. Defendant's trial is currently scheduled for July 24, 2007, over a year and a half after he was taken into custody. Accordingly, the length of delay weighs in favor of defendant, and triggers application and examination of the remaining three factors.

      B.      Reason for the Delay

This factor weighs in favor of the United States. Four reasons exist for the delay in the trial of this case. The first comes from a March 2006 joint motion by the three defendants charged in the original indictment to continue the trial date from its initial setting of April 11, 2006. That motion resulted in a continuance of the trial date to September 19, 2006.

The reason for the second delay was a second motion to continue filed by defendant Corona on September 1, 2006, following the filing of a superseding indictment adding additional charges against defendant. That motion resulted in a continuance of the trial date to January 11, 2007.

The third delay resulted from a motion to withdraw filed on November 6, 2006 by counsel for co-defendant Hughes based upon a conflict of interest. Such motion was not the fault of any party and required removal of counsel of record and appointment of new counsel. Because of the seriousness of the charges and the complexity of the case, the magistrate judge concluded that Hughes' newly appointed counsel could not adequately prepare for a January 11, 2007 trial and continued the trial to March 13, 2007.

The fourth delay resulted from Hughes' December 12 and 18, 2006 requests to relieve appointed counsel, which resulted in the December 18 appointment of new counsel. Hughes' counsel could not be expected to that same day litigate the extensive pretrial motions filed by defendants, and the magistrate judge continued the pretrial motions hearing and set a new trial date of July 24, 2007 in order to give counsel time to prepare for the motions hearing and for trial.

It is admitted defendant Corona objected to the third and fourth continuances of the pretrial motions deadline and trial, and he has filed a motion for severance of his case from that of co-defendant Hughes. However, the government was not responsible for any of the delays in this case. Defendant Corona requested the first two continuances resulting in a nine month delay of trial. The third and fourth delays were requested by co-defendant Hughes, one of which was generated by an ethical conflict of interest by his first appointed counsel and the second of which was generated by the removal of second appointed counsel and the appointment of a third attorney resulting in a continuance of the

trial of an additional six and one-half months. None of the reasons necessitating the continuances can be blamed on the government  This case is complex and has generated a total of sixty-six (66) pretrial motions by defendants Corona and Hughes. It is not unreasonable for newly appointed counsel for co-defendant Hughes to request some time to prepare for the motions hearing and the trial of this case. The magistrate judge's order continuing the case to its present trial setting of July 24, 2007 was fair and appropriate.

### C. Assertion of the Right

This factor weighs in favor of defendant, as he has twice opposed any continuances of the pretrial motions hearing and trial, asserting his constitutional right to a speedy trial. However, it must be noted that defendant did not assert his right to a speedy trial until November 8, 2006, when he opposed co-defendant Hughes' motion for a continuance.

### D. Prejudice to the Defendant

The last factor to be considered is whether defendant will be prejudiced by the delay. The Sixth Circuit has held that a defendant must show substantial prejudice has resulted from the delay. *See United States v. White,* 985 F.2d 271, 276 (6th Cir. 1993). Prejudice is determined by examining three factors: (1) oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Barker,* 407 U.S. at 532.

Defendant argues that prejudice is evidenced in this case by his lengthy pretrial incarceration and the resultant impairment to his ability to adequately prepare his case. Defendant states that he has been continuously detained at the Blount County Detention Center since his arrival in this district. For much of that time, he was in solitary confinement and in need of medical treatment, and he has only received that treatment and been in general population for the past few months. Defendant also asserts that his defense is hampered considerably by his inability to actively assist in pretrial preparation and investigation, much of which involves California.

Defendant was detained pending trial after the magistrate judge found that defendant is a risk of flight and a danger to the community. This court concurred with the magistrate judge's findings after conducting a *de novo* hearing on defendant's motion to revoke order of detention, and ordered defendant detained pending trial. As stated in this court's order of detention, defendant Corona is facing a mandatory life sentence if convicted, he has three prior felony drug convictions, has previously been deported from the United States, illegally reentered the United States, and is an illegal alien. Defendant was initially placed in solitary confinement on the basis of another inmate telling guards that defendant had made plans to escape from the Blount County Jail with the assistance of his brother, and his intentions to kill a government witness and that witness' mother. Once it was learned that defendant's brother had been killed in Mexico, the threat of escape was lessened and defendant was put in the general population while awaiting trial.

Defendant Corona substantially extended his pretrial incarceration by twice moving for a delay in trial and rescheduling of deadlines for pretrial motions. Further, defendant has failed to identify any specific prejudice that he has suffered as a result of any additional delay in a continuance of trial from January 11 to July 24, 2007. He has failed to identify any testimony that will be missing as a result of the delay or how any witnesses' memories might be effected.

Balancing the factors noted above, the court finds that they weigh in favor of the government. Much of the delay in this case has been caused by defendant's own motions, the complexity of the case, the inordinate amount of pretrial motions filed by defendants, and the absence of any specific prejudice suffered by defendant Corona as a result of any delay. Accordingly, the court finds that defendant has failed to carry his burden of establishing a violation of the Speedy Trial Act or a Sixth Amendment violation of his speedy trial right, and his motion to dismiss the superseding indictment for unnecessary delay [Doc. 233] is hereby **DENIED**, and the order of the magistrate judge continuing the trial of this case to July 24, 2007 is **AFFIRMED.**

                            **ENTER:**

                                        s/ Thomas W. Phillips
                                    United States District Judge