UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:05-CR-148 |
| | ) | (PHILLIPS/GUYTON) |
| VICENTE CORONA, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for an evidentiary hearing on defendant Vicente Corona's Motion to Suppress Surreptitious Recordings [Doc. 54], along with several other pretrial motions. The government and the defendant separately asked for leave to file supplemental material to the hearing, which was granted. Accordingly, the Court took all pending pretrial matters under advisement on April 18, 2007. This Report and Recommendation addresses Mr. Corona's Motion to Suppress Surreptitious Recordings [Doc. 54].

In his Motion to Suppress Surreptitious Recordings, defendant Vicente Corona seeks suppression of certain recordings made of him by government informant Kimberly Robinson. The background for the recordings is as follows. In June 2005, Kimberley Robinson and Jimmy Simpson were charged in a conspiracy to distribute cocaine in the Eastern District of Tennessee. United States v. Simpson, et al, EDTN docket number 3:05-CR-64. On November 1, 2005, Ms

1

Robinson began cooperating with the efforts of law enforcement in their investigation of cocaine trafficking. [Tr. at 36]. After that time, Ms Robinson and the agents had contact at least once a week. [Tr. at 66 - 67]. As part of her cooperation, federal law enforcement agents asked Ms Robinson to make telephone calls to certain people, which she did. One of these people was Vicente Corona. [Tr. at 36 - 37]. The agents gave Ms Robinson a recording device to use to record telephone conversations she might have with investigative targets when outside the presence of the agents. [Tr. at 38 - 39, 68 - 69]. As the result of her efforts, Ms Robinson was able to set up a meeting in California, allegedly to purchase cocaine from Mr. Corona. Ms Robinson first traveled to California for the purported drug transaction in December, 2005. That trip being unfruitful, another was arranged for January, 2006. [Tr. at 51 - 52]. At the evidentiary hearing, Ms Robinson testified that to her knowledge Mr. Corona was in California each time she recorded him, whether by telephone or in person. Ms Robinson was in Tennessee for some telephone calls, and in California for others. [Tr. at 42 - 52]. The in-person meeting took place in California and was recorded on a "body-wire" worn by Ms Robinson. The "body-wire" also recorded other conversations Ms Robinson had going to and from the alleged drug deal with Mr. Corona on January 6, 2006. These other conversations included telephone calls with Dennis Richardson (arrested with Mr. Corona) for the purpose of setting up the alleged transaction, [Tr. at 52]; telephone calls with DEA Special Agent Don White after the arrest had been made, [Tr. at 55 - 57]; telephone calls with her husband, who was jailed in Knoxville, [Tr. at 54 - 55]; and a wholly unrelated telephone call with an automotive mechanic [Tr. at 56 - 57].

In the instant motion, Mr. Corona seeks to suppress telephone recordings of him made by Kimberly Robinson and the "body-wire" recording made of their in-person meeting. Mr.

Corona argues that the recordings were made in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2511 (commonly referred to as the "Wiretap Act") which prohibits the interception and disclosure of wire, oral, or electronic communications. Mr. Corona relies, in turn, upon 18 U.S.C. § 2515, barring the use of such intercepted wire or oral communications as evidence. The Wiretap Act includes exceptions to its prohibition, two of which are relevant here:

> (c) It shall not be unlawful under this chapter for a **person acting under color of law** to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.
>
> (d) It shall not be unlawful under this chapter for a **person not acting under color of law** to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(c) and (d) [emphasis added].

Recognizing these exceptions, Mr. Corona argues that 18 U.S.C. § 2511(2)(c) does not apply to these recordings because Ms Robinson cannot be said to have been acting "under color of law." Mr. Corona argues that the law enforcement supervision of her recording activities was so lacking that she was instead acting in an individual capacity, citing Obron Atlantic Corp. v. Barr, 990 F.2d 861, 864 (6th Cir. 1993); United States v. Haimowitz, 725 F.2d 1561, 1582 (11th Cir.), cert. denied, 469 U.S. 1072 (1984); United States v. Shields, 675 F.2d 1152, 1156-57 (11th Cir.), cert. denied, 459 U.S. 858 (1982); and United States v. Tousant, 619 F.2d 810, 813 (9th Cir.1980)).

3

As an individual not acting under color of law, Ms Robinson's recordings would be subject to the exception found at 18 U.S.C. § 2511(2)(d), the argument continues. Mr. Corona was at all times in the State of California where it is unlawful for individuals to record telephone conversations to which they are a party (unlike Tennessee, where Ms Robinson was primarily located). Mr. Corona argues that "[b]y recording conversations with Mr. Corona while he was in California, Ms Robinson violated Mr. Corona's privacy rights guaranteed by the California Constitution as well as California Penal Code § 632." [Doc. 54 at ¶ 6]. This being the case, Mr. Corona asserts, § 2511 (d) does not apply "even where a recording made when one party consents to the interception is unlawful if the interception is otherwise a criminal or a tortious act." Because the recording violated California law, it does not fit the exception found at § 2511 (d) for persons not acting under color of law.

The government responds that Ms Robinson was, in fact, acting under color of law within the meaning of § 2511 (c), [Doc. 106], and, alternatively, that the recordings are subject to the exception found at § 2511 (d) because federal, not state, law governs the exception clause. The government provides a number of cases in support of its latter argument. United States v. Votteller, 544 F.2d 1355, 1361 (6th Cir. 1976) holding that the admissibility of intercepted wire communications in federal court to be determined by federal law regardless of whether such interceptions constituted a violation of state law; United States v. Morrison, 153 F.3d 34, 57 (2nd Cir. 1998), in which the Second Circuit held that the admissibility of consensually recorded telephone conversations is determined by federal law even if such conversations were made in violation of California law; and United States v. Glasco, 917 F.2d 797, 798-99 (4th Cir. 1990) finding that the admissibility in federal court of consensually recorded conversations between an

4

informant and a defendant in a state investigation is determined by federal law, regardless of state law.

In Mr. Corona's case, the Court finds that these recordings are subject to the exception to the Wiretap Act found in 18 U.S.C. § 2511 (d) and that the reservation clause does not apply to these facts. The clause at issue reads: "...unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." § 2511 (d).[1] California law provides a greater protection for a broader privacy interest in telephone calls than the Wiretap Act at 18 U.S.C. § 2511(d) and the Fourth Amendment. States often provide greater constitutional guarantees than those found in federal law.[2] The Sixth Circuit has spoken on this issue in United States v. Votteller, 544 F.2d 1355, 1361 (6th Cir. 1976). In Votteller, defendants in a Kentucky gambling ring argued that the wire tapping by which the government obtained its evidence was a violation of Kentucky statutory law and, therefore, it should have been suppressed. Kentucky law made eavesdropping, accomplished by means of an electronic, mechanical or other device, a felony; divulging or releasing such illegally obtained information was a Kentucky misdemeanor. Votteller, 544 F.2d at 1361. The court rejected that reasoning, holding that evidence lawfully obtained under federal law is admissible in federal

---

[1] The Court observes that Ms Robinson did not record the telephone communication "for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of" California. The fact that California law does not permit such recording is not equivalent to Ms Robinson making the recording for the purpose of violating California law.

[2] Analogous treatment found at United States v. Wright, 16 F.3d 1429, 1434 (6th Cir. 1994), cert. denied, 512 U.S. 1243 (1994) ("The fact that Tennessee law may . . . require greater protection against searches and seizures than the fourteenth amendment is of no avail to a defendant in federal court, under prosecution for a federal crime."); and United States v. Loggins, 777 F.2d 336, 338 (6th Cir. 1985).

5

courts even though it may possibly be a violation of state law.

Finding that the recordings at issue fall within 18 U.S.C. § 2511(d) and are not prohibited evidence under the Wiretap Act, it is unnecessary for the Court to determine their admissibility under alternate grounds, such as 18 U.S.C. § 2511(c). However, the Court does find that the agents in this case adequately supervised Ms Robinson's recordings to constitute finding that she acted "under color of law" for the purposes of (c). The record at the hearing established that Ms Robinson maintained weekly contact with the law enforcement agents managing her cooperation efforts. In fact, the recording of the alleged drug transaction on January 7, 2006, includes her immediate telephone contact with Agent White to discuss the arrest. Their conversation indicates a familiarity with the conduct of the investigation, at least so far as Ms Robinson's participation was concerned. The testimony established that Ms Robinson rarely recorded any telephone conversations outside the presence of the officers and that she pursued plans for this drug transaction at the direction of the police. There was no evidence presented that she did anything that was not at their direction. Under such circumstances, the Court cannot say that Ms Robinson was inadequately supervised by law enforcement to qualify as a "person acting under color of law" for purposes of 18 U.S.C. § 2511(c).

For the foregoing reasons, the Court respectfully **RECOMMENDS** that defendant Vicente Corona's Motion to Suppress Surreptitious Recordings **[Doc. 54]** be **DENIED.**[3]

> Respectfully submitted,
>
>     s/ H. Bruce Guyton
> United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).