UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-148 |
| | ) | (Phillips / Guyton) |
| VICENTE CORONA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon Vicente Corona's Motion to Compel Discovery and for the Sanction of Dismissal [Doc. 214]. The government has responded [Doc. 222]. Mr. Corona has filed a reply and supplement to the government's response [Doc. 257]. The government has filed a supplemental response to Mr. Corona's last filing [Doc. 265]. The Court has reviewed these pretrial motions and the government's notices regarding discovery disclosures in this case. [Doc. 33]; [Doc. 38]; [Doc. 44]; [Doc. 137]; [Doc. 145]; [Doc. 217]; [Doc. 230]; [Doc. 260[; [Doc. 269]; [Doc. 270]; and [Doc. 290]. The Court has also considered arguments made by counsel at a motions hearing on April 2, 2007 [Doc. 279]. The Court will not endeavor to repeat the arguments made, or the progression of discovery disclosures evinced in these filings The material sought by Mr. Corona falls into some identifiable categories, as addressed herein:

1

## 1. CRIMINAL HISTORY REPORTS

Mr. Corona seeks the criminal history reports from the National Crime Information Center (NCIC) database for all government witnesses, including any cooperating criminal defendants or anyone who has reached a similar agreement with the government. [Doc. 214, letter of August 8, 2006]; [Doc. 257]. The government objects. [Doc. 257]; [Doc. 265]. The government asserts that it has provided six NCIC reports to Mr. Corona in response to his requests, but resists further disclosure, citing United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that is has already addressed this issue in its Order on Discovery and Scheduling [Doc. 16] at ¶ E and ¶ F. This request for disclosure is **DENIED**.

## 2. DOCUMENTS RELATED TO STATEMENTS MADE BY INFORMANTS CONCERNING STATEMENTS MADE BY MR. CORONA WHILE IN CUSTODY

Mr. Corona seeks notice if any such statements were made, how the statements were recorded, names and addresses of the persons to whom the statements were made, and pretrial ruling on admissibility of these statements. [Doc. 214, letter of August 8, 2006]; [Doc. 257]. The government opposes this compound request as outside the scope of Federal Rules of Criminal Procedure, Rule 16. [Doc. 222]; [Doc. 265]. The Court finds that this request has been appropriately addressed in the Order on Discovery and Scheduling [Doc. 16] at ¶ E. This request for disclosure beyond that which has been previously Ordered is **DENIED**.

### 3. VIDEO SURVEILLANCE AND OTHER ELECTRONIC MEDIA

Mr. Corona seeks any video surveillance of his interview by law enforcement immediately after arrest. [Doc. 214, letter of October 14, 2006]. The government responds that it is not aware of any such recordings. Accordingly, this request is **DENIED** as moot.

### 4. ROUGH NOTES AND WITNESS STATEMENTS

Mr. Corona seeks rough notes made by the agents who conducted his interview shortly after his arrest and statements made by government witnesses. The government resists this request stating that the defendant is not entitled to pretrial discovery of the notes, which constitute Jencks Act material. The government states that such material will be disclosed at the appropriate time. There is no requirement in either The Jencks Act at 18 U.S.C. § 3500 or Federal Rule of Criminal Procedure 26.2 requiring the government to produce statements by government witnesses until after the witness has testified at trial and defendant cites no additional authority for his request as to these rough notes. Nothing in the Jencks Act provides a basis for the Court to order early disclosure. United States v. Algie, 667 F.2d 569 (6th Cir. 1982). The Court has addressed this disclosure in its Order on Discovery and Scheduling [Doc. 16] at ¶ B(1) and ¶ O. This request is **DENIED**. The District Court will establish the procedure to be followed at trial regarding Jencks disclosures.

### 5. CASE NUMBERS OF PENDING CASES AND CASES RELATED TO DEFENDANT

Mr. Corona seeks the case numbers for any pending criminal cases in which there are any government witnesses or informants who have provided information or cooperation to the

government in those cases, where the same witness will be providing information or cooperation in the prosecution of Mr. Corona. [Doc. 214, letter of November 9, 2006]. He also seeks the identity of all cases related to his own. The government opposes this request, stating that it has complied with the requirements of Brady v. Maryland, 373 U.S. 83 (1963); and Giglio v. United States, 405 U.S. 150 (1972). The Court finds this request has been previously addressed at Order on Discovery and Scheduling [Doc. 16] at ¶ E.

To the extent any of Mr. Corona's tertiary requests have not been expressly addressed in this Order (for example: Transcripts of Recordings [Doc. 214], clearly addressed by Order on Discovery and Scheduling [Doc. 16] at ¶ M; Summary and Underlying Data of Expert Witness Testimony [Doc. 214], addressed by Order on Discovery and Scheduling [Doc. 16] at ¶ L) the Court finds as follows. Mr. Corona is charged in a drug conspiracy case that is alleged to have involved others, at least a half dozen of whom have been named before the Court. It appears from the record in this case that Mr. Corona will be the sole defendant in his trial. The relevant events are alleged to have taken place in Tennessee, California and possibly Georgia. Various recordings were made of Mr. Corona and the others, both before and after Mr. Corona's arrest. Mr. Corona faces a serious sentence if convicted, possibly a life sentence. Not one of these facts imbues this case with a heightened standard for disclosure by the government. Numerous criminal defendants find themselves in Mr. Corona's situation every year. Mr. Corona has not shown facts or circumstances which the Court finds extraordinary as it relates to the deadlines set forth in the Order on Discovery and Scheduling. That Order addresses the circumstances of most criminal cases and Mr. Corona's case does not fall outside its scope. Each defendant in every criminal case before the Court faces a serious penalty if convicted. The Court finds that in Mr. Corona's case, this Court's Order on Discovery and Scheduling sets forth appropriate timing for discovery disclosures in

accordance with the authority cited therein.

Vicente Corona's Motion to Compel Discovery and for the Sanction of Dismissal **[Doc. 214]** is **DENIED** in all respects.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge