UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:05-CR-148 |
| ) | (Phillips) |
| VICENTE CORONA ) | |

## ORDER

This matter came before the court on defendant's appeal of the magistrate judge's order denying Rule 17(c) subpoenas to the Knox County and Blount County Detention Centers [Docs. 275, 288]. Defendant requests this court order the issuance of subpoenas requiring the pretrial production of the telephone records of Richard Robinson and Dennis Richardson to see if they contain impeachment evidence of these potential government witnesses, or exculpatory evidence. Defendant has withdrawn his request for the issuance of subpoenas for any other inmate.

The burden is on the party seeking production to show good cause for production before trial. Mere speculation that requested items may contain *Brady* material is not sufficient to require disclosure. *United States v. Driscoll,* 970 F.2d 1472, 1482 (6th Cir. 1992). Rule 17(c) is not intended to be a discovery device. *United States v. Noriega,* 764 F.Supp. 1480, 1492 (S.D.Fla. 1991). Nor is the need for evidence to impeach

witnesses sufficient to require its production in advance of trial. *See United States v. Nixon,* 418 U.S. 683, 701 (1974).

Enforcement of a Rule 17(c) subpoena "depends on whether the subpoena reflects a genuine effort to obtain identifiable and relevant evidence or instead constitutes a broad 'fishing expedition' which seeks to use Rule 17(c) as a means for obtaining discovery. *Noriega,* 764 F.Supp. at 1493. There can be no advance production of prior inconsistent statements of a witness, since they do not become evidentiary until the witness has testified. *See United States v. Fields,* 663 F.2d 880 (9th Cir. 1981); *United States v. Cuthbertson,* 630 F.2d 139 (3rd Cir. 1980); *United States v. Louis Trauth Dairy, Inc.,* 162 F.R.D. 297 (D.C.Ohio 1995). When information is sought for the purpose of challenging the credibility of government witnesses on cross-examination, the defendant's right to a fair trial is completely protected if disclosure is made on the day the witness testifies. *See United States v. Higgins,* 713 F.2d 39, 44 (3rd Cir. 1983). The recordings which defendant has indicated he wishes to subpoena pretrial would constitute impeachment evidence not subject to pretrial production pursuant to a Rule 17 subpoena as stated in *Nixon*.

Defendant has not made a threshold showing of the materiality of the records sought. Based upon the defendant's inability to specify the information to be obtained in the requested recordings of telephone calls, the court concurs with the magistrate judge's conclusion that defendant's request for Rule 17(c) subpoenas in this case is without merit. The defendant should not be allowed to use the process of the court

to engage in the "fishing expedition" proscribed by *Nixon*.  Accordingly, the decision of the magistrate judge is **AFFIRMED**.

**ENTER:**

　　　s/ Thomas W. Phillips　　　
United States District Judge