UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:05-CR-148 |
| ) | (Phillips) |
| VICENTE CORONA ) | |

## ORDER

On June 5, 2007, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a 7-page Report and Recommendation (R&R) [Doc. 293] in which he recommended that defendant's motion to suppress surreptitious recordings [Doc. 54] be denied. Thus, Judge Guyton recommended that the telephone recordings of defendant made by government informant Kimberly Robinson and the "body-wire" recording made of their in-person meeting be admitted at trial.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 296]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in complete agreement with Judge Guyton's thorough analysis of the legal issues arising from the suppression hearing conducted by him on April 2l, 2007. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant objects to the magistrate judge's finding that Kimberly Robinson was sufficiently supervised by federal agents so as to be acting under "color of law" for purposes of 18 U.S.C. § 2511(2)(c), and that Robinson did not make the recordings at issue for the purpose of violating California law with respect to a violation of 18 U.S.C. § 2511(2)(d). The provisions of 18 U.S.C. § 2511(2) at issue are the following:

> (c) It shall not be unlawful under this chapter for a **person acting under color of law** to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.
>
> (d) It shall not be unlawful under this chapter for a **person not acting under color of law** to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one or the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or the laws of the United States or of any State.

18 U.S.C. § 2511(2)(c) and (d) [emphasis added].

The court finds that Kimberly Robinson consented to the recording of her conversations with defendant Corona and was working with and at the direction of law enforcement authorities investigating defendant Corona. Thus, her conversations were recorded under color of law. Robinson testified that she spoke with government agents at least once a week or whenever she was instructed to call. She further testified that there were never any long periods of time when she was not in contact with government agents. When she recorded the telephone calls with defendant, the agents were present with her. After defendant was arrested, Robinson returned the recording device to the agents.

Contrary to the defendant's argument, it is clear to the court that Robinson was supervised by the government agents and was acting under color of law when she made the recordings of her conversations with defendant. What is essential is that the government requested and authorized the taping with the intent of using it in an investigation and that the agents monitored the progress of the surveillance activities. *See United States v. Obron Atlantic Corp.,* 990 F.2d 861, 864-65 (6th Cir. 1993) (cooperating informant's recordings were under color of law even though informant retained discretion as to which conversations to record where government agents requested informant make recorded conversations, obtained authorization for such recorded conversations, provided informant with instructions on how to conduct such recorded conversations and maintained regular contact with the informant). Robinson's recordings of defendant were at the request of law enforcement and under their direction and supervision. Thus, the court finds that the recordings of Robinson with defendant were made under color of law with the consent of Robinson and are admissible under 18 U.S.C. § 2511(2)(c).

Second, the tape recordings are admissible pursuant to subsection (d) because Robinson consented to the interception of conversations with defendant and because such interceptions were for the purpose of investigating violations of federal law and not for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any state. *See In Re High Fructose Corn Syrup Antitrust Litigation,* 216 F.3d 621, 624-26 (7th Cir. 2000) (gathering evidence of a violation of law is not a criminal or tortious purpose under § 2511(2)(d). Here, the purpose of recording the conversations between Robinson and defendant was to investigate

defendant's purported violations of federal law as part of a law enforcement investigation. Defendant's argument that California law would prohibit such recordings is without merit. *See United States v. Morrison,* 153 F.3d 34, 57 (2nd Cir. 1998) ("We need not decide whether it violated California law for Spinelli to record [defendant's] call without [his] consent, because federal law governs the admissibility of evidence in a federal criminal trial. Evidence admissible under federal law cannot be excluded because it would be inadmissible under state law."). Thus, the recorded conversations between Robinson and defendant are admissible pursuant to 18 U.S.C. § 2511(2)(d).

For the foregoing reasons, as well as the reasons articulated by Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 296] are hereby **OVERRULED** in their entirety, whereby the R&R is **ACCEPTED IN WHOLE**. Accordingly, defendant's motion to suppress surreptitious records [Doc. 54] is hereby **DENIED** in its entirely whereby the court will allow the introduction of the telephone recordings of defendant made by Kimberly Robinson as well as the "body-wire" recording made of their in-person meeting at the trial of this matter.

**IT IS SO ORDERED.**

              **ENTER:**

               s/ Thomas W. Phillips
               United States District Judge