UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:05-CR-148 |
| | ) | (Phillips / Guyton) |
| VICENTE CORONA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on Defendant Vicente Corona's Motion for Sanction of Dismissal With Prejudice, or in the Alternative, for Dismissal Without Prejudice, or Exclusion of Recorded Jail Telephone Conversations of the Defendant Due to the Government's Discovery Violations [Doc. 307].

**A. BACKGROUND**

A summary of the procedural history of this particular motion, and the context in which relief is sought, is relevant to its disposition. Mr. Corona filed his Motion for Sanction of Dismissal and a Memorandum in Support of his motion, along with three exhibits for the Court's consideration on July 3, 2007. [Doc. 308]. On July 9, 2007, the United States filed a response in opposition, also with a supporting exhibit. [Doc. 328]. After Mr. Corona filed a Motion to Suppress any Alleged Statements of Defendant Obtained in Violation of the Right to Counsel Under U.S. Const. Amend. VI [Doc. 333] on July 10, 2007, the Court ordered a continuance of the trial, which was set to commence on July 24, 2007. [Doc. 338] and [Doc. 339]. On July 24, 2007, the government

responded in opposition to the Motion to Suppress, at [Doc. 340]; on August 1, 2007, Mr. Corona replied to the government's position at [Doc. 345]. The issues raised in the Motion to Suppress [Doc. 333] were stridently contested by the parties in two days of evidentiary hearings before this Court. Both Mr. Corona and the United States were granted leave to file post-hearing briefs to be submitted after the transcript of the evidence was available, and both have done so. Having reserved oral argument until the briefing was complete, this matter came before the Court for final argument by the parties on October 31, 2007. The Court will issue a written Report and Recommendation to the District Court regarding suppression of the evidence in question. The trial of this case is now set to begin on February 4, 2008.

### B. MERITS

The Court has considered the filings of the parties, the exhibits filed in support of each and the authorities cited. Without detailing each issue and each argument, the pertinent aspects of the positions of the parties may be summarized as follows:

*1.    Defendant's Position*

Mr. Corona's Motion for Sanction of Dismissal [Doc. 307] reports that during the week prior to July 3, 2007, the United States released extensive discovery material to defense counsel, to include "well over 1,600 digital computer files of recordings of the defendant's telephone calls made while he was incarcerated in the Blount County Detention Center, as well as notice that it intends to introduce Spanish language portions of recordings through an interpreter, but has not provided transcripts or translations of any of the recordings." [Doc. 307, ¶ 2]. Mr. Corona drew the Court's attention to its previous order to the government to disclose these same recordings over three months prior, citing [Doc. 262, ¶ 10]. Further, the United States was unable to designate which of

these recorded conversations it intended to introduce in its case in chief, as the prosecution was evidently still engaged in its own review of the material. [Doc. 307, ¶ 5]. Mr. Corona argued that the disclosure of such a massive volume of recordings, along with the as-yet undisclosed transcripts, three weeks before trial constituted such a blatant violation of the letter and spirit of both Rule 16 and this Court's previous order that dismissal of the indictment is the appropriate remedy.

2.  *Government's Position*

The United States filed a response to the Motion for Sanction of Dismissal at [Doc. 328]. The response stated that the government first provided jail telephone recordings at issue to defense counsel on March 15, 2007, without representation that it did *not* intend to use them at trial. In response to inquiry, the government designated 17 of the telephone conversations for use at trial, notifying defense counsel by letter dated July 2, 2007. The United States argued that by July 9, 2007, it had "further narrowed the universe of recordings from the March 15, 2007, disclosure that it may use at trial to five recordings specified by their numeric designation." [Doc. 328, at 2].

The government argues that additional recordings of Mr. Corona's telephone calls from jail were obtained by DEA agents and provided to the United States Attorney's Office in June, 2007. This latter group of recordings was, in turn, provided to the defense on June 26, 2007.

The United States does not agree that it violated prior orders of this Court by failing to disclose recordings. Should the Court find otherwise, however, the government urges the Court to impose the least severe sanction necessary as remedy.

## C. ANALYSIS

Assuming the government's actions constituted a violation, the Federal Rules of Criminal Procedure give the Court discretion in fashioning the proper remedy for discovery abuses. Fed.R.Crim.P. 16(d)(2) provides that a court may "grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other orders as it deems just under the circumstances." Id. Mr. Corona did not seek a trial continuance, but rather urged the Court to exclude the evidence from trial or dismiss the case. Despite this, the trial *was* continued for the reasons set forth above at § A, to include the consideration of a late-filed suppression motion. The defendant has now been afforded an opportunity to sufficiently review the recordings at issue, one remedy available if the Court were to conclude the government committed a discovery violation. The issue is now whether a more severe remedy is warranted under the circumstances.

In deciding whether suppression of evidence is an appropriate remedy, a court should consider:

(1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess. United States v. Ganier, 468 F.3d 920, 927 (6th Cir. 2006) (citing United States v. Maples, 60 F.3d 244, 247 (6th Cir. 1995)).

The Court finds the record does not reflect bad-faith conduct by the government. The government may have been negligent in waiting until June to investigate additional telephone calls, "but negligence does not, by itself, warrant suppression." Ganier, 468 F.3d at 928.

The Court observes that if there was any identifiable prejudice to Mr. Corona, it was minimal in the context of this case. It was necessary to continue the trial of this case regardless of the

4

disclosure of these recordings because additional suppression issues were identified by the defense and raised in his Motion to Suppress Any Alleged Statements of Defendant Obtained in Violation of the Right to Counsel Under U.S. Const. Amend. VI [Doc. 333] on July 10, 2007. The Motion to Suppress raised issue with incriminating statements purportedly made by the defendant to six other persons in the jail on various occasions over the course of his pretrial detention. Under no reasonable circumstances could that motion be resolved before the July 24, 2007, trial date. Because the trial was continued for unrelated reasons not otherwise attributable to the government, Mr. Corona now has time (which he was not seeking in the instant motion) to review the recordings and prepare for their proposed use at trial.

A continuance of the trial is the preferred remedy for discovery violations. The Court concludes the prejudice to Mr. Corona has been cured by a trial continuance. The prejudice to the defendant under these circumstances does not warrant dismissal. C.f., United States v. White, 985 F.2d 271, 276 (6th Cir. 1993).

### D. Conclusion

Defendant Vicente Corona's Motion for Sanction of Dismissal With Prejudice, or in the Alternative, for Dismissal Without Prejudice, or Exclusion of Recorded Jail Telephone Conversations of the Defendant Due to the Government's Discovery Violations **[Doc. 307]** is **DENIED**.

**IT IS SO ORDERED**.

                                    **ENTER:**

                                    s/ H. Bruce Guyton
                                    United States Magistrate Judge