# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:05-CR-148 |
| ) | (Phillips) |
| VICENTE CORONA ) | |

## ORDER

On November 9, 2007, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a 15-page Report and Recommendation (R&R) [Doc. 378] in which he recommended that defendant's motion to suppress statements of defendant obtained during pretrial detention [Doc. 333] be denied. Thus, Judge Guyton recommended that defendant's former fellow inmates at the Blount County Detention Center (Gelone Bowden, Robert Castro, Tommy Jones and Robert Smith) be allowed to testify at trial about incriminating statements allegedly made to them by defendant.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 379]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in complete agreement with Judge Guyton's thorough analysis of the legal issues. Therefore, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant objects to Judge Guyton's conclusion that *United States v. Henry,* 447 U.S. 264 (1980) and *Maine v. Moulton,* 474 U.S. 159 (1985) would not mandate suppression of defendant's statements. The undersigned has reviewed *Henry* and *Moulton* and agrees with Judge Guyton that these cases involved situations where the Court assumed that the government agency relationship existed, and the only issue was whether the informant deliberately elicited incriminating statements by the defendant. Instead, the issue to be decided in this case, as found by Judge Guyton, is what rule should be followed to determine when an informant becomes a government agent under *Massiah v. United States*, 377 U.S. 201 (1964). As acknowledged by the parties, the Sixth Circuit has not articulated a test for determining when an inmate becomes a government agent under *Massiah.*

The test for agency used by a majority of the federal courts is whether law enforcement instructed the informant to obtain information about a particular defendant. *See United States v. LaBare,* 191 F.3d 60 (1st Cir. 1999); *United States v. Birbal,* 113 F.3d 342 (2nd Cir. 1997); *United States v. McFadden,* 187 Appx. 290 (4th Cir. 2006); *United States v. D.F.,* 63 F.3d 671 (7th Cir. 1995); *Moore v. United States,* 178 F.3d 994 (8th Cir. 1999); *Stano v. Butterworth*, 51 F.3d 942 (11th Cir. 1995); *United States v. Watson,* 894 F.2d 1345 (D.C.Cir. 1990). A review of this authority supports Judge Guyton's formulation of the test to be applied in this case as follows: regardless of whether the inmate informant had entered into a cooperation agreement with the government, or had cooperated with authorities in the past, law enforcement must have instructed or requested that the informant obtain information from a particular defendant in order for the informant to be

acting as a government agent relative to incriminating statements made thereafter by the particular defendant to the informant.

Turning to the testimony presented at the suppression hearing, Gelone Bowden testified that no office or agency of law enforcement ever directed him to monitor or to have conversations with defendant while housed at the detention center. Robert Castro stated it was his understanding that the information he was to provide involved criminal activity in general; he further stated that no one with any office or agency of law enforcement asked him to get information from defendant or any other inmate, and he did not have a plea agreement with the government at the time he got information from defendant. Tommy Jones testified no agency or office of law enforcement asked him to monitor or question defendant when he arrived at the detention center, nor was any request made while he and defendant were in the pod together; further, he provided information concerning the illegal activities of persons with whom he was associated prior to his arrest, and he also provided information to the government he obtained from other inmates, including defendant, with whom he had been in jail since his arrest; he further testified that he was not instructed to monitor or question defendant. Robert Smith testified no agency or office of law enforcement asked him to talk with defendant, nor did he receive any direction about getting information from defendant. Chuck Pittman, Deputy United States Marshal, testified that no one with the United States Attorneys Office, DEA, US Postal Service, or any other law enforcement agency ever asked him, or anyone in his department, to place another inmate in a pod with, or in a cell with, or otherwise near

defendant. Bruce Conkey, DEA Task Force officer, testified that he did not instruct Bowden to monitor defendant or any other inmate at the detention center, nor did he instruct anyone at the detention center to place any inmate near defendant. This testimony supports Judge Guyton's finding that Bowden, Castro, Jones and Smith were not instructed or requested to monitor defendant or otherwise engage him in conversation in any manner in an effort to elicit incriminating statements from him. The undersigned agrees with Judge Guyton's conclusion that Bowden, Castro, Jones and Smith were not acting as government agents at any time when defendant allegedly made incriminating statements to them; thus defendant's Sixth Amendment right to counsel was not violated.

For the foregoing reasons, as well as the reasons articulated by Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 379] are hereby **OVERRULED** in their entirety, whereby the R&R is **ACCEPTED IN WHOLE**. Accordingly, defendant's motion to suppress statements allegedly made by him to fellow inmates at the Blount County Detention Center [Doc. 333] is hereby **DENIED** in its entirely whereby the court will allow the testimony of Gelone Bowden, Robert Castro, Tommy Jones and Robert Smith as to those statements at the trial of this matter.

**IT IS SO ORDERED.**

ENTER:

    <u>s/ Thomas W. Phillips</u>
    United States District Judge