# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:05-CR-148 |
| | ) | (Phillips) |
| VICENTE CORONA | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's motion for judgment of acquittal or, in the alternative, for new trial [Doc. 467]. On February 19, 2008, a jury found defendant guilty of conspiracy to distribute cocaine and marijuana, conspiracy to commit money laundering, and three counts of aiding and abetting the distribution of cocaine. The government has responded in opposition to the motion [Doc. 487]. For the reasons which follow, the defendant's motion is denied.

### I

### Substantial Evidence Supports Drug Conspiracy Conviction

Defendant argues that the evidence was insufficient to support the jury's verdict that he was guilty of the conspiracy charged in Count One of the superseding indictment. In a challenge to the sufficiency of the evidence, the test is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of act could have found the essential elements of the crime beyond a reasonable doubt. *United*

States v. Brown, 332 F.3d 363, 372 (6th Cir. 2003) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  The essential elements of a drug conspiracy are (1) an agreement to violate the drug laws, and (2) each conspirator's knowledge of, intent to join, and participation in the conspiracy.  *United States v. Crozier,* 259 F.3D 503, 517 (6th Cir. 2001); *see also United States v. Pearce,* 912 F.2d 159, 161 (6th Cir. 1990).  Defendant argues that the government presented no proof at trial concerning any knowledge on the part of defendant Corona that cocaine and marijuana were to be distributed within the Eastern District of Tennessee.

In *United States v. King,* 272 F.3d 366 (6th Cir. 2002), the Sixth Circuit affirmed a conviction of conspiracy to distribute methamphetamine even through the defendant claimed he did not know that the final destination of the drugs was Tennessee.  The Court explained that "[e]ven if [defendant] did not know that Tennessee was the drugs' final destination, he may still be guilty of the conspiracy.  The government need only show that the defendant knew the essential object of the conspiracy . . . the distribution of methamphetamine."  *Id.* at 371 (citations omitted).

The government presented evidence from Richard Robinson and Dennis Richardson that defendant repeatedly supplied them multiple kilogram quantities of cocaine and multiple pound quantities of marijuana from the spring of 2004 through June 17, 2005.  Richardson further testified that after Robinson's arrest, defendant continued to sell marijuana to Richardson for resale.  Defendant also contacted Richardson in October 2005

asking whether "there [were] any opportunities to make any money while [Richardson] was in Alabama off cocaine." Further, the tape recording of the January 7, 2006 meeting between Kimberly Robinson, Dennis Richardson and defendant confirmed that defendant intended to continue distributing kilogram quantities of cocaine through Richardson. Thus, it was reasonable for the jury to conclude that defendant Corona had distributed kilogram quantities of cocaine through Richardson and Richard Robinson in 2004 and 2005; that he intended to resume distributing kilogram quantities of cocaine through Richardson for distribution through Kimberly Robinson; and that he wanted to take the profits of their future cocaine distribution to continue the cocaine distribution operation.

Defendant next argues that the government failed to establish that anything more than a buyer-seller relationship existed. To the contrary, as stated above, the government's proof showed that defendant Corona sold large quantities of cocaine and marijuana on a regular basis to Richardson and Robinson. The evidence further demonstrated that defendant Corona knew that the profits from the sale of cocaine and marijuana that he distributed to Robinson and Richardson would be used to purchase more cocaine and marijuana from him. Therefore, based on the government's evidence, it was reasonable for the jury to conclude that more than a mere buyer-seller relationship existed between defendant Corona and Richardson and Robinson.

Defendant next argues that even if the court finds that a conspiracy has been proven and that defendant Corona was a knowing participant, the government failed to

prove the existence of the conspiracy as charged in the superseding indictment. Defendant asserts that there was no proof that he knew that the cocaine and marijuana he sold to Richard Robinson and Dennis Richardson in 2004 and 2005 was being shipped to Georgia and Tennessee; therefore, he was not part of any conspiracy during that time period.

A variance to the indictment occurs when the charging terms of the indictment are unchanged but the evidence at trial proves facts materially different from those alleged in the indictment. *United States v. Carver,* 470 F.3d 220, 235-36 (6th Cir. 2006). Defendant was charged in Count One of the superseding indictment with conspiring during approximately 2004 up to January 7, 2006 within the Eastern District of Tennessee and elsewhere with Jermaine Hughes and others to knowingly, intentionally and without authority distribute and possess with intent to distribute 5 kilograms or more of cocaine hydrochloride and marijuana in violation of 21 U.S.C. § 846. Defendant's recorded January 7, 2006 statements corroborated Richardson's and Robinson's testimony that defendant had been selling kilogram quantities of cocaine and pound quantities of marijuana for resale long before the January 7, 2006 meeting. Defendant's recorded statements also confirmed that the modus operandi of the conspiracy was the shipment of cocaine and marijuana in metal brink boxes for resale, followed by the return shipment of profit for the purpose of purchasing more drugs for resale. Richardson testified that defendant had seen him place cocaine in metal Brinks boxes. Thus, the proof at trial did not vary from the superseding indictment as claimed by defendant.

**II**

**Sufficient Evidence Supports Money Laundering Conviction**

Defendant argues that his involvement was at all times limited to taking funds and providing narcotics in California. Therefore, venue for the money laundering charge lies in California and not in the Eastern District of Tennessee. In a conspiracy prosecution, such as the instant case, venue is proper in any district where the agreement was formed or in any district where an overt act in furtherance of the conspiracy was committed. *United States v. Zidell,* 323 F.3d 412 (6th Cir. 2003).

At trial, the government presented the testimony of Richard Robinson that he purchased cocaine from defendant Corona with the proceeds of previous cocaine sales, and that he sold that cocaine in the Eastern District of Tennessee for the purpose of deriving proceeds to purchase more cocaine from defendant. Robinson explained that the proceeds from his Knoxville drug sales were routinely shipped by commercial carrier from Knoxville to California for the purpose of buying more drugs from defendant for resale. In addition, defendant Corona's January 7, 2006 recorded statements demonstrated that he knew that this plowing-back of drug sale profits into the purchase of more drugs was in fact the modus operandi of the drug distribution conspiracy with Robinson and Richardson. Thus, the evidence was sufficient for the jury to find that defendant Corona knowingly entered into the money laundering conspiracy charged in Count Two of the superseding

indictment and also proved that an overt act in furtherance of that money laundering conspiracy occurred in the Eastern District of Tennessee.

III

**Sufficient Evidence Supports Aiding and Abetting Conviction**

Defendant argues that the evidence was insufficient to support the jury's verdict that he aided and abetting the distribution of cocaine on May 6, May 26, and June 17, 2006. In order to secure a conviction for aiding and abetting under 18 U.S.C. § 2, the government must prove (1) an act by defendant that contributes to the execution of a crime, and (2) the intent to aid in the crime's commission. *United States v. Gardner,* 488 F.3d 700, 711 (6th Cir. 2007).

The government established that defendant Corona supplied Richard Robinson with the cocaine involved in each transaction as alleged in Counts Three, Four and Five of the Superseding Indictment. With respect to Count Three, Robinson testified that he sold 10 kilograms of cocaine, which had been supplied to him by defendant Corona, to Chris Foster on May 6, 2005. As for Count Four, Robinson explained that defendant Corona had supplied him with the 10 kilograms of cocaine that he distributed to Scott Simpson for the purpose of delivering to Chris Foster on May 26, 2005. With respect to Count 5, Robinson testified that defendant Corona supplied him with the 15 kilograms of cocaine that he shipped to Jermaine Hughes in Atlanta, Georgia on June 13, 2005, who

in turn distributed 10 of those 15 kilograms by delivering them to Robinson at Robinson's home in Knoxville, Tennessee between June 14 and June 17, 2005.

In addition, defendant Corona's recorded statements during the January 7, 2006 meeting provided additional evidence that he knew, and specifically intended, that Robinson's purchase from him of kilogram quantities of cocaine, during May and June 2005, was for Robinson's resale for profit. Accordingly, there was sufficient evidence to support the jury's finding that defendant Corona was guilty of being an aider and abettor as charged in Counts Three, Four and Five because defendant Corona associated himself with Robinson's venture, participated in it, and sought by his actions to make it succeed. *See United States v. Webber*, 208 F.3d 545, 554 (6th Cir. 2000) (upholding jury's aiding and abetting conviction against defendant where the evidence supported the jury's conclusion that without defendant's participation, the drug transactions could not have been completed).

## IV

**There Was No Violation of the Defendant's Right to Confrontation**

Defendant argues it was error for the court to allow Don White, a former DEA Task Force Officer "to testify about multiple hearsay statements relayed to him as information he learned during the course of his investigation." The government responds that White's testimony was not offered for the truth of the matter asserted, but to explain

the rationale for the investigative plan of action against defendant.  The Sixth Circuit has held that testimony that "merely provides background information regarding the course of investigation does not violate the Confrontation Clause." *United States v. Pugh,* 2008 WL 961564 at *5 (6th Cir. Apr. 9, 2008) (finding no confrontation violation because the statement was not offered to prove the truth of the matter asserted, but instead to demonstrate the effect on the law enforcement officer and to explain his steps in the investigation); *see also United States v. Londondio,* 420 F.3d 777, 789 (8th Cir. 2005) (out of court statements that were offered to show the reason for police action, rather than to prove the truth of the matter asserted were not hearsay).  Accordingly, the court finds that defendant's right to confrontation was not violated by the testimony of Task Force Officer White.

Defendant next argues that it was error to permit Dennis Richardson and Task Force Officer White to offer testimony about Richardson's prior consistent statements. However, defendant opened the door to this testimony by charging that Richardson's trial testimony was improperly influenced by his cooperation plea agreement.  Federal Rule of Evidence 801(d)(1)(B) permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made before the charged recent fabrication of improper influence or motive.  *Tome v. United States,* 513 U.S. 150, 167 (1995).  Defendant contended throughout trial that Richardson's cooperation plea agreement should be viewed as a motive for Richardson to lie for leniency.  In addition, during his cross-examination of

Richardson, defendant continued to charge that Richardson had a motive to lie to obtain a reward pursuant to his cooperation plea agreement.

The evidence showed that Richardson did not enter into a cooperation plea agreement with the government until July 19, 2006. Immediately after his arrest on January 7, 2006, more than six months before he entered into the cooperation plea agreement, Richardson made statements to DEA agents that not only incriminated himself, but also inculpated Richard Robinson and defendant in the illegal distribution of cocaine. Under similar circumstances, the Sixth Circuit has upheld admission of a declarant's prior consistent statements that were made before the declarant entered into a cooperation plea agreement with the government. *See United States v. Argo,* 23 Fed.Appx. 302, 308 (6th Cir. Oct. 4, 2001); *United States v. Smith,* 764 F.2d 1183, 1185 (6th Cir. 1984); *Toney*, 161 F.3d at 408; *United States v. Hupp,* 1996 WL 316488 at *4 (6th Cir. June 10, 1996); *United States v. LeBlanc*, 612 F.2D 1012, 1017 (6th Cir. 1980).

Defendant's reliance on *United States v. Gomez-Lemos,* 939 F.2d 326 (6th Cir. 1991) to support his assertion that the court erred in admitting Richardson's prior consistent statement is misplaced. In *Gomez-Lemos,* the Court was not reviewing a trial court's decision to admit a declarant's prior consistent statement under Rule 801(d)(1)(B). Rather, the Court was considering the trial court's admission of "uncross-examined co-conspirator statements made during and in furtherance of the conspiracy." *Id.* at 329-31.

Moreover, contrary to defendant's assertion, this court placed no limitation on defendant's cross-examination of Richardson about his prior consistent statement. Defendant had the opportunity to cross-examine Richardson about his trial testimony concerning his prior consistent statements, but chose not to question him about that testimony. Having heard Richardson's testimony first-hand, the court finds that Richardson's motive to fabricate had not arisen at the time of his prior consistent statement – immediately after his arrest. The court further finds that defendant's statements at trial and cross-examination about Richardson's cooperation plea agreement amounted to a charge of recent fabrication or improper influence. Thus, Richardson's prior consistent statements, made immediately after his arrest, were properly admitted at trial. *See United States v. Hill,* 91 F.3d 1064, 1071 (8th Cir. 1996) (admitting, pursuant to Rule 801(d)(1)(B), prior consistent statements made by declarant a week after he had been arrested, but eleven months before declarant entered into a cooperation plea agreement, and finding no motive to lie that preceded the cooperation plea agreement); *United States v. Douglas*, 482 F.3d 591, 600 n. 11 (D.C.Cir. 2007) (finding no error in trial court conducting the balancing required under Rule 403 at the motion for new trial stage).

Defendant also argues that the court prevented him from cross-examining Task Force Officer White about the inconsistencies between Richardson's prior statement and Richardson's trial testimony. The court allowed Task Force Officer White to testify as to the consistency of the testimony elicited from Richardson, without saying precisely what was said in the post-arrest interview. The court did not allow defendant to parse out

specific information that he felt was inconsistent since defendant had not cross-examined Richardson about the allegedly inconsistent prior statements. The court's ruling restricted defendant from attempting to show that Richardson made prior out-of-court statements inconsistent with his trial testimony through the extrinsic testimony of Task Force Officer White. Federal Rule of Evidence 613(b) states:

> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice require otherwise.

In *United States v. Beverly,* 369 F.3d 516 (6th Cir. 2004), the Sixth Circuit found that the trial court properly limited the defendant's examination of a witness because the defendant had failed to lay a proper foundation during a prior witness's examination. *Id.* at 541-42. Because defendant did not lay a proper foundation by choosing not to cross-examine Richardson about his post-arrest statements made to Task Force Officer White, the limitation placed on the cross-examination of Task Force Officer White was in accordance with Federal Rule of Evidence 613(b) and was not violative of defendant's right to confrontation.

Defendant next argues that government witness Jermaine Hughes was allowed to testify concerning the substance of statements alleged to have made to him by "Worm." In particular, Hughes was allowed to testify that he called Worm after Richardson had been arrested, and that Worm told Hughes that he only dealt in marijuana as opposed

to cocaine. Defendant asserts there is no basis for the admissibility of this alleged hearsay statement.

The evidence showed that Worm's statement that "he didn't mess with the white side of the fence, he only messed with the green side of the fence" was intended to clarify for Hughes, who had never dealt directly with Worm prior to Robinson's arrest, which of the two controlled substances, cocaine or marijuana, he could supply directly to Hughes following Robinson's arrest. Accordingly, it was proper to admit Worm's statement as a statement in furtherance of the drug trafficking conspiracy. *See United States v. Hulse,* 198 F.3d 665, 668 (6th Cir. 1999) (finding statements identifying co-conspirator's role admissible under Rule 801(d)(2)(E)); *United States v. Bryan,* 1994 WL 468034 at *7 (6th Cir. Aug. 29, 1994)( statements identifying the source of the drug held to be in furtherance of the drug conspiracy).

**V**

**There was no Violation of Defendant's Right to Present a Defense**

Defendant argues he was deprived of a meaningful opportunity to present a defense when the court limited the introduction of various witness's jailhouse telephone recordings. In particular, rather than being allowed to introduce the recordings as substantive evidence, the defendant states he was forced to only offer the information in the recordings through the cumbersome process of playing recordings individually for the

witness and asking the witness particular questions concerning the recordings. Defendant implies that he was not allowed to play the recordings at issue. That is not correct. If the government witness disagreed with defense counsel's interpretation of a recorded telephone call, defendant was permitted to have the recording played for the jury. This procedure was in accord with the court's duty under Federal Rule of Evidence 611(a) to control the presentation of evidence. Accordingly, the court finds that defendant's right to present a defense was not violated.

## VI

## Conclusion

For the reasons stated above, defendant's motion for judgment of acquittal or, in the alternative, for new trial [Doc. 467] is **DENIED.**

**ENTER:**

      s/ Thomas W. Phillips      
United States District Judge