**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-CR-148** |
| | ) | **(Phillips)** |
| **VICENTE CORONA** | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's written objections to the government's application for enhanced penalties pursuant to 21 U.S.C. § 841(b)(1)(A) [Docs. 492, 522]. Prior to trial, the government filed notice of its intent to seek enhanced penalties under the provisions of 21 U.S.C. § 841(b)(1)(A) alleging that defendant has three prior felony drug convictions – state felony drug offense on or about September 22, 1987, felony drug offense on or about February 27, 1989, and state felony drug offense on or about January 8, 1998. On February 19, 2008, a jury found defendant guilty of conspiracy to distribute cocaine and marijuana, conspiracy to commit money laundering, and three counts of aiding and abetting the distribution of cocaine. If accepted by the court, defendant's prior convictions have the effect of enhancing defendant's sentence to a mandatory sentence of life imprisonment. The government has responded to defendant's objections [Docs. 496, 531]. For the reasons which follow, the defendant's objections are overruled.

# I

## Federal Sentencing Enhancement Provisions

Section 841(b)(1)(A) provides that any person who commits an offense in violation of Section 841(a) involving five or more kilograms of cocaine hydrochloride "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A). The same penalty provision applies to the offense of conspiring to commit a violation of 21 U.S.C. § 841(a). 21 U.S.C.§ 846. Section 841(b)(1)(A) further provides that if any person commits a violation of this subparagraph "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment" and "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . ." 21 U.S.C. § 841(b)(A). For purposes of determining when a conviction "becomes final" under § 841(b)(1), the Sixth Circuit has directed district courts to look to federal law rather than state law. *See United States v. Miller,* 434 F.3d 820, 823 (6th Cir. 2006).

A "felony drug offense" is defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a state or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

A prior conviction becomes "final" under § 841(b) for the purpose of sentencing when the time for taking a direct appeal from the judgment of conviction has expired." *Id.*

Once the government files notice pursuant to 21 U.S.C. § 851, the court is required, before pronouncement of sentence, to inquire of defendant whether he affirms or denies the previous convictions as set forth in the notice and advise the defendant that any challenge to a prior conviction not made before sentence is pronounced may not thereafter be raised to attack the sentence. 21 U.S.C. § 851(b). Here, defendant has filed a written denial of the alleged prior convictions pursuant to 21 U.S.C. § 851(c)(1). The government bears the burden of proving beyond a reasonable doubt any issue of fact. 21 U.S.C. § 851(c).

## II

### Defendant's Objections

A.      The Sixth Amendment does not require that a jury find beyond a reasonable doubt that defendant has at least two prior felony drug convictions.

Defendant argues that the Sixth Amendment requires the government to prove his prior convictions to a jury beyond a reasonable doubt before the court can impose the sentencing enhancement provisions of 21 U.S.C. § 841(b)(1)(A). This argument has been rejected by the Supreme Court in *Almendarez-Jones v. United States*, wherein the Court held that statutory enhancements based on prior convictions need not be submitted to the jury. *Id.,* 523 U.S. 224, 235 (1998). The Court reaffirmed this exception for prior

-3-

convictions in *Apprendi v. New Jersey*, 530 U.S. 446 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). *See also United States v. Gonzalez*, 257 Fed. Appx. 932, 940-41 (6th Cir. 2007) (Sixth Amendment was not violated where district court instead of jury determined pursuant to §§ 841(b)(1)(A) and 851 that defendant had two prior felony drug convictions enhancing his sentence to a mandatory term of life imprisonment.) Accordingly, the court finds defendant's argument without merit.

B.          Defendant's 1987 conviction[1]

          The sentencing hearing commenced on November 17, 2008. The government presented the following witnesses: (1) Ritchie Bradley, Deputy U.S. Marshal; (2) Bethel Poston, Special Agent with the Drug Enforcement Administration; (3) Hector Garcia, Court Services Supervisor, Los Angeles Superior Court; (4) Karen Brown, Court Services Supervisor, Superior Court of California, Los Angeles County; (5) Dennis Cross, Keeper of Records, California Department of Justice; (6) Mark Huerth, Legal Instruments Examiner, Federal Correctional Complex in Lompac, California; (7) James Andrew Perkins, Senior Special Agent, Department of Homeland Security, Immigration Customs Enforcement; and (8) Stephanie Toth, United States Postal Service, Forensic Laboratory Services (fingerprint analyst).

---

[1] Because defendant concedes the validity of his 1989 federal felony drug conviction, only defendant's 1987 and 1998 California drug offenses are in dispute.

At the sentencing hearing held on November 17, 2008, the government presented proof showing that:

1.     On September 22, 1987, defendant was charged by the State of California with the crime of sale or transportation of a controlled substance, in violation of Health and Safety Code Section 11352, a felony drug offense, in Case No. A817312.

2.     On November 6, 1987, defendant was convicted in the Superior Court of California of violating Health and Safety Code Section 11352, a felony drug offense.

3.     On November 6, 1987, the Superior Court of California suspended the proceedings and ordered defendant to serve three years probation.

4.     On May 13, 1988, defendant's probation was revoked, then reinstated.

5.     On September 6, 1989, defendant's probation was terminated pursuant to California Penal Code Section 1203.3.

6.     Defendant did not file a notice of appeal within 60 days of the Superior Court's order of probation.

The following supporting documents were admitted as exhibits:

Gov.Ex.4     Certified copy of felony complaint in Case No. A817312 charging defendant in Count I with the crime of sale or transportation of a controlled substance, in violation of Health and Safety Code Section 11352.

Gov.Ex.11     Certified copy of minute order in Case No. A817312 entered in the court's record on September 22, 1987 that defendant entered a guilty plea to Count I of the felony complaint in that case.

Gov.Ex.12     Certified copy of the transcript of the proceedings on September 22, 1987 in which defendant entered a guilty plea to Count I of the felony complaint in Case No. A817312.

Gov.Ex.13     Certified copy of the "Certificate and Order of Magistrate" entered by the magistrate judge confirming defendant's guilty

plea on September 22, 1987 to Count I of the felony complaint in Case No. A817312.

Gov.Ex.15  Certified copy of "Report-Indeterminate Sentence, Other Sentence Choice," dated November 6, 1987, stating that (1) "Defendant was convicted of the commission of . . . Count I" in Case No. 817312, (2) the date of conviction was September 22, 1987; (3) and for Count I "the defendant was placed on probation" and the "imposition of sentence was suspended." This certified record further stated that "each Superior Court shall complete this form for each indeterminate sentence to state prison or sentence choice other than state prison."

Gov.Ex.16A  Certified copy of minute order, dated November 6, 1987, stating that (1) probation was ordered for defendant's guilty plea to Count I of Case No. A817312; (2) proceedings would be suspended until May 6, 1988; and (3) defendant was ordered to "report to Warm Springs Rehabilitation Center on November 16, 1987 and is not to leave said facility until discharged."

Gov.Ex.18A  Certified copy of minute order, dated May 13, 1988, stating that (1) defendant admitted to violating the terms of his probation in Case No. A817312; (2) defendant's probation was revoked; (3) defendant's probation was reinstated with an additional order that he spend 120 days in the county jail.

Gov.Ex.20A  Certified copy of minute order, dated September 6, 1989, stating that defendant's probation order in Case No. A817312 is terminated pursuant to California Penal Code Section 1203.3.

Gov.Ex.20B  Certified copy of Disposition of Arrest and Court Action for Case No. A817312 recording that (1) defendant's final plea to Count I was guilty; (2) defendant's date of sentence was November 6, 1987; (3) defendant's sentence was 36 months probation, which was revoked and reinstated; and (4) defendant's probation was disposed of pursuant to California Penal Code Section 1203.3.

Gov.Ex.14  Certified copy of the docket sheet recording all proceedings in California Superior Court against defendant in Case No.

A817312, showing that no notice of appeal was filed within 60 days of the order of probation.

At the time of defendant's 1987 conviction, § 11352 of the California Health and Safety Code prohibited the sale of cocaine and punished the offense by a maximum term of imprisonment of 3-5 years. California Health and Safety Code § 11352. Such prior conviction constitutes a "felony drug offense" under 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 802(44) since cocaine is a narcotic drug as defined in 21 U.S.C. § 802(17)(D) and since the offense is punishable by a term of imprisonment of more than one year under the laws of the State of California.

Defendant argues that minute entries are insufficient proof of a final conviction. However, the Ninth Circuit has held that a minute order may be used to establish the fact of a prior conviction and may be relied upon to prove the factual elements, or nature, of the prior conviction in compliance with the parameters set forth in *Shepard v. United States,* 544 U.S. 13, (2005); *see also United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008). In Snellenberger, the Ninth Circuit analogized a minute order to a transcript, "by analogy to transcripts, it's enough that the minute order was prepared by a neutral officer of the court, and that the defendant had the right to examine and challenge its contents . . . ." *Id.* at 702. In reasoning that a California minute order is as reliable as a charging document, a written plea agreement, and a transcript of a plea colloquy, the Ninth Circuit stated:

-7-

The clerk's minute order easily falls within the category of documents described: It's prepared by a court official at the time the guilty plea is taken (or shortly afterward), and that official is charged by law with recording the proceedings accurately. The clerk presumably exercises that duty as faithfully and diligently as, for example, court reporters, upon whose transcripts we regularly depend. Indeed, the *Shepard* list expressly references the transcript of a plea colloquy as a document we may properly rely on, even though the transcript itself (as opposed to the reporter's notes on which it is based) is generally prepared days or weeks – and sometimes years – after the in-court proceedings.

*Id.* at 701-02. Moreover, in the Sixth Circuit, certified California minute orders are accepted as evidence that is probative of the fact of a defendant's prior conviction. *See United States v. Chisom*, 249 Fed. Appx. 406, 411 (6th Cir. 2007) (rejecting defendant's contention that a California minute order is insufficient to establish the fact of a prior conviction).

Next, in the State of California, an order granting probation is a final judgment for purposes of appeal. California Penal Code, § 1237(a); *People v. Superior Court*, 11 Cal. 3d 793, 796 (1974). Notice of appeal from such an order of the Superior Court must be filed in that Superior Court. Cal. Rules of Court, Rule 8.304. Appeal from an order of probation must be filed within 60 days of the order or it becomes final and unappealable. Cal. Rules of Court, Rule 8.308; *People v. Ramirez*, 159 Cal.App.4th 1412, 1421 (2008). In this case, the record shows that defendant did not file a notice of appeal within 60 days of the order of probation.

Accordingly, the court finds that the evidence proffered by the government proves beyond a reasonable doubt that defendant, in Case No. A817312, pled guilty to violating California Health and Safety Code Section 11352, a felony drug offense, and filed no notice of appeal following the Superior Court's order of three years probation and suspension of proceedings. In addition, the court finds that this conviction constitutes a prior felony drug conviction within the meaning of 21 U.S.C. § 841(b)(1)(a).

C.        Defendant's 1998 conviction.

At the sentencing hearing held on November 17, 2008, the government presented proof showing that:

1.    On September 23, 1997, defendant was charged by the State of California with the crime of possession of a controlled substance in violation of Health and Safety Code Section 11377(a), a felony drug offense, in Case No. PA028283.

2.    On January 8, 1998, defendant was convicted in the Superior Court of California of violating Health and Safety Code Section 11377(a), a felony drug offense.

3.    On January 8, 1998, the Superior Court of California suspended the proceedings and ordered defendant to serve three years probation.

4.    On August 4, 1998, defendant's probation was revoked, then reinstated.

5.    On January 4, 2001, defendant's probation was terminated and his case was dismissed pursuant to California Penal Code Section 1203.4.

6.    Defendant did not file a notice of appeal within 60 days of the Superior Court's January 8, 1998 order of probation.

The following supporting documents were admitted as exhibits:

Gov.Ex.21      Certified copy of felony complaint in Case No. PA 028283 charging defendant in Count I with the crime of possession of a controlled substance, in violation of Health and Safety Code Section 11377(a).

Gov.Ex.23      Certified copy of Information in Case No. PA 028283 charging defendant in Count I with the crime of possession of a controlled substance, in violation of Health and Safety Code Section 11377(a).

Gov.Ex.25      Certified copy of minute order, dated January 8, 1998, stating that defendant pled guilty to Count I in Case No. PA 028283 and that with respect to Count I, defendant's imposition of sentence is suspended and he is placed on formal probation in Case No. PA 028283.

Gov.Ex.26A     Certified copy of the transcript of the January 8, 1998 Superior Court proceedings in Case No. PA 028283 in which defendant entered his guilty plea to Count I, the Superior Court found defendant guilty of Count I and sentenced defendant as follows: "Proceedings are suspended.  Sir, you are placed on three years' formal felony probation."

Gov.Ex.27A     Certified copy of minute order, dated August 4, 1998, stating that defendant violated his probation in Case No. PA 028283, revoking defendant's probation and reinstating his probation.

Gov.Ex.29A     Certified copy of minute order, dated January 4, 2001, stating that in Case No. PA 028283 "plea of guilty or conviction is set aside, and the case is dismissed pursuant to California Penal Code Section 1203.4."

Gov.Ex.22B     Certified copy of the docket sheet recording all proceedings in California Superior Court against defendant in Case No. PA 028283, showing that no notice of appeal was filed within 60 days of the January 8, 1998 order of probation.


     The court finds that defendant's 1998 state conviction for possessing

methamphetamine in violation of § 11377(a) of the California Health and Safety code

-10-

constituted prior final conviction of a "felony drug offense." Methamphetamine is classified a "stimulant substance" under 21 U.S.C. § 802(44). *See* 21 C.F.R. 1308.12(d)(2). Section 11377(a) of the California Health and Safety Code prohibited the possession of methamphetamine and made it punishable "by imprisonment in the county jail for a period of not more than one year or the state prison." California Health and Safety Code §§ 11377(a) and 11055(d)(2). Section 17(a) of the California Penal code at that time stated, "a felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." California Penal Code § 17(a). Section 18 of the California Penal Code provided in part that "every offense declared to be a felony or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years." California Penal Code § 18. An offense charged in Section 11377(a) can be prosecuted as a felony or a misdemeanor and such offenses are commonly referred to as "wobblers." *See People v. Martinez,* 71 Cal.App.4th 1502, 1510 (1999). Under California Penal Code § 17(b), a "wobbler" charged as a felony is treated as a felony until a judgment is entered or the court declares otherwise. *See United States v. Boumelhem*, 339 F.3d 414, 426 (6th Cir. 2003); *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992).

Defendant argues that because his 1998 conviction was later dismissed following his completion of probation, it does not constitute a prior felony drug conviction for enhancement purposes under § 841(b)(1)(A). I find defendant's argument without merit.

-11-

The January 8, 1998 transcript of defendant's change of plea and sentencing hearing reflects that defendant was charged with, pled guilty to, and was found guilty of a felony violation of § 11377(a) with a maximum penalty of three years.  Since defendant's violation of § 11377 exposed him to a term of imprisonment of up to three years, his conviction was a "felony drug offense" under §§ 841(b)(1)(A) and 802(44).  After the court found defendant guilty of a felony violation of § 11377(a), the court suspended the proceedings and placed defendant on probation with conditions for a term of three years.  Defendant did not appeal this order of probation.

On January 4, 2001, defendant's probation was terminated pursuant to California Penal Code §1203.3 and his plea of guilty and conviction were set aside, or a finding of not guilty was entered, and the case was dismissed pursuant to California Penal Code § 1203.4.  Despite this action by the state court, defendant's 1998 plea of guilty still constitutes a final conviction for a prior felony drug offense for sentencing enhancement purposes pursuant of § 841(b)(1)(A).  *See United States v. Morse*, 264 Fed. Appx. 618, 619 (9th Cir. 2008) (defendant's prior deferred drug sentence was properly used to enhance defendant's drug sentence under § 851); *United States v. Norbury*, 492 F.3d 1012, 1014 (9th Cir. 2007) (defendant's prior state drug conviction dismissed by the state court not based on actual innocence but because defendant had complied with the terms and conditions of his sentence, was properly used to enhance defendant's sentence to a minimum mandatory term of imprisonment of twenty years as it constituted a prior conviction pursuant to § 841(b); *United States v. Bonnington*, 196 Fed. Appx. 612, 614 (9th

-12-

Cir. 2006) (defendant's prior California drug conviction set aside pursuant to California Penal Code § 1203.4 was properly relied upon to enhance defendant's federal sentence pursuant to §§ 841(b)(1)(A) and 851); *United States v. Soto*, 8 Fed. Appx. 535, 537 (6th Cir. 2001) (defendant's prior California conviction resulting in probation qualified as a final conviction justifying a sentencing enhancement under § 841(b)(1) even though under California law an order of probation is not a final judgment).

Defendant also argues that the Supreme Court in *United States v. Shepard*, 544 U.S. 13 (2006), restricted the kind of evidence that the court may consider to determine whether defendant committed a prior felony drug offense for sentencing purposes under § 851. Defendant avers that the court may only consider documents to include "the charging documents, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant or to some comparable judicial record of this information." However, defendant's argument has been rejected by the Sixth Circuit. *See United States v. Beasley*, 442 F.3d 386, 392 (6th Cir. 2006) (limitations of Shepard do not apply to evidence offered to prove existence of a prior conviction as opposed to determining whether a "generic" prior conviction qualifies as a predicate offense under the ACCA); *United States v. Warwick*, 149 Fed. Appx. 464, 468 (6th Cir. 2005) (evidence offered by the government to prove existence of a prior conviction is not limited by *Shepard*, which instead limited the kind of evidence that a court can consider in determining whether a prior conviction qualified as a predicate violent felony under the ACCA).

-13-

Alternatively, defendant argues that his 1998 conviction cannot be used to enhance his sentence under § 841(b)(1)(A) because that conviction was a misdemeanor, not a felony. California Penal Code § 17(b) provides, in part:

> When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by a fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
>
> (1) after a judgment imposing a punishment other than imprisonment in the state prison.
>
> . . .
>
> (3) when the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal. Penal Code § 17(b). In considering the effect of this statute on a conviction, the Sixth Circuit has explained that under "§ 17(b), the offense is regarded as a felony until a judgment is entered, except where the court declares otherwise." *See Boumelhem,* 339 F.3d at 426.

Here, the transcripts and minutes orders related to defendant's 1998 California drug conviction show that following defendant's guilty plea, probation was ordered, and proceedings were suspended. The documents contain no notation that the Superior Court judge ever declared defendant's 1998 conviction to be a misdemeanor. Therefore, the court finds that defendant's 1998 conviction did not "wobble" to

-14-

misdemeanor status. This conclusion is supported by the Sixth Circuit's reasoning in

*Boumelhem*:

> After [defendant] pleaded nolo contendere, proceedings were suspended and [defendant] received felony probation, with the condition that he spend six days in the county jail. Under California law, where the sentencing court grants probation and proceedings are suspended, no judgment is rendered. Further, at the time [defendant] took the actions that would form the basis of his federal conviction, the [California] sentencing court had not declared [defendant's] earlier state conviction to be a misdemeanor. Thus, neither § 17(b)(1), which requires a judgment, nor § 17(b)(3), which requires a classification by the court, applied to defendant at the time he took the actions that would lead to his federal convictions. We therefore conclude that the district court properly found [defendant] had been convicted for a crime punishable by imprisonment for a term exceeding one year.

*Id.* at 426.

Accordingly, the court finds that the evidence proffered by the government proves beyond a reasonable doubt that defendant, in Case No. PA 028283, pled guilty to violating California Health and Safety Code Section 11377(a), a felony drug offense, he filed no notice of appeal following the Superior Court's order of three years probation and suspension of proceedings, and defendant's conviction did not "wobble" to misdemeanor status. Thus, the court finds that this conviction constitutes a prior felony drug conviction within the meaning of 21 U.S.C. § 841(b)(1)(A).

D.      Statutory minimum mandatory provisions of 21 U.S.C. § 841(b) prevail over the sentencing provisions of 18 U.S.C. § 3553(a).

-15-

Defendant next argues that the minimum mandatory provisions of 21 U.S.C. §841(b) are superseded by the provisions of 18 U.S.C. § 3553(a). Thus, any minimum penalty, including a life sentence, under § 841(b)(1)(A) is advisory only. However, the Sixth Circuit has rejected this argument in *United States v. Franklin,* when the court found that "§ 3553(a) factors do not apply to congressionally mandated sentences" such as those imposed under § 841(b)(1)(A). *Id.*, 499 F.3d 578, 585 (6th Cir. 2007). The *Franklin* court agreed with the Third Circuit that "sentences imposed pursuant to 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b)(1)(A) clearly fit within the 'except as otherwise specifically provided' exclusion of § 3551(a)." *Id.* (*quoting United States v. Kellum*, 356 F.3d 285, 289 (3rd Cir. 2004)). *See also, United States v. Branch*, 537 F.3d 582, 590 (6th Cir. 2008) (neither *Booker* nor *Kimbrough* altered the validity of the minimum mandatory sentencing provisions of § 841(b) or the exceptions to those provisions found in 18 U.S.C. § 3553(f), and the district court erred in disregarding those provisions); *United States v. Roberts*, 285 Fed. Appx. 268 (6th Cir. 2008) (district court lacks authority to sentence defendant below statutory minimum mandatory sentence). In light of the above, defendant's argument that statutory mandatory minimum sentencing under § 841(b) is no longer valid is without merit.

E.      The minimum mandatory provisions of § 841(b) do not violate defendant's due process and equal protection rights under the Fifth Amendment.

Defendant next argues that the Due Process and Equal Protection rights contained in the Fifth Amendment are violated by the minimum mandatory sentencing provisions of 21 U.S.C. § 841(b) because (1) they are not rationally based, resulting in a

disparate impact on minorities, (2) they afford impermissible discretion in the hands of the prosecutor, and (3) they deprive defendant, who is facing a mandatory minimum term of life imprisonment, of individualized sentencing. Again, defendant's arguments have been rejected by the Supreme Court and the Sixth Circuit.

In *Chapman v. United States*, the Supreme Court held that the sentencing structure of § 841(b) which "assigns more severe penalties to the distribution of larger quantities of drugs . . . according to the 'street weight' . . . in which they are sold . . . increases the penalty for persons who possess large quantities of drugs . . . and that is a rational sentencing scheme." *Id.,* 500 U.S. 453, 464 (1991). In *United States v. Pruitt,* the defendant was convicted of conspiring to distribute crack in violation of §§ 841(a)(1) and 841(b)(1)(A). Because he had two prior felony drug convictions, defendant was sentenced to a mandatory life sentence. *Id.*, 156 F.3d 638, 642 (6th Cir. 1998). On appeal, defendant argued that § 841(b)(1)(A) was arbitrary and capricious and violated his due process rights since it did not distinguish between violent and non-violent offenders. *Id.* at 645. Citing with approval previous cases which upheld the constitutionality of statutes that more severely punished recidivist offenders, the Sixth Circuit rejected defendant's due process claim. *Id.* Defendant also argued that his due process rights were violated because implementation of the mandatory sentencing provisions were left to the discretion of the prosecutor. *Id.* The Sixth Circuit rejected his argument. *Id.*

-17-

Other federal courts likewise have rejected due process and equal protection challenges to the constitutionality of the mandatory sentencing provisions of § 841(b). *See e.g., United States v. Jensen*, 425 F.3d 698, 707 (9th Cir. 2005) (defendant's argument that the sentencing scheme which vested all discretion with the prosecution and none with the sentencing court resulting in a life sentence under § 841(b)(1)(A) neither deprived defendant of his due process rights nor violated the separation of powers doctrine nor the non-delegation doctrine); *United States v. Coleman*, 166 F.3d 428, 430 (2nd Cir. 1999) (defendant's argument that sentencing provisions for crack violated equal protection principles because these harsher penalties fell disproportionally on racial minorities was rejected, and defendant's enhanced twenty-year minimum mandatory sentence under the provisions of § 841(b)(1)(A) was affirmed); *United States v. Prior*, 107 F.3d 654, 658 (8th Cir. 1997) (defendant who received mandatory life sentence pursuant to § 841(b)(1)(A) because of his prior convictions and amount of drugs distributed was not denied his due process rights because of any lack of individualized sentencing, was not denied his due process rights where § 841(b) did not classify offenders based on race or some other suspect class but instead rationally served to discourage drug trafficking activity by imposing a mandatory life sentence upon any defendant convicted of § 841 who was criminally responsible for a certain quantity of drugs and who also has a record of two or more felony drug convictions, and was not denied his equal protection rights because of the discretion vested with the prosecutor to make downward departure motions based on cooperation); *Untied States v. Van Winrow*, 951 F.2d 1069, 1071 (9th Cir. 1991) (defendant who received mandatory life sentence under the enhancement provisions of § 841(b)(1)(A)

-18-

was not denied due process based on the lack of discretion of the trial court to impose a lesser sentence where sentence was individualized based on the amount of drugs involved in the offense and the number of defendant's prior convictions, was not sentenced based on an alleged unconstitutionally vague statute enhancing sentences for prior convictions of a felony drug offense, and was not denied equal protection under a statute which provides prosecutors with discretion to allow some defendants to cooperate to avoid a life sentence but not others). Based upon the foregoing, the court finds defendant's argument that his due process and equal protection rights under the Fifth Amendment are violated as a result of a mandatory life sentence pursuant to § 841(b)(1)(a) is without merit.

F.      A minimum mandatory life sentence pursuant to § 841(b)(1)(A) in this case does not violate the Eighth Amendment prohibition against cruel and unusual punishment.

Defendant argues that a mandatory life sentence pursuant to the provisions of § 841(b)(1)(A) violates the Eighth Amendment's prohibition against cruel and unusual punishment. Again, defendant's argument has been rejected by the Supreme Court and the Sixth Circuit.

First, in *Harmelin v. Michigan*, the Supreme Court held that the defendant's sentence of life in prison without parole for possession of 672 grams of cocaine did not violate the Eighth Amendment even though it was the defendant's first offense. *Id.*, 501 U.S. 957, 961 (1991). Next, in *United States v. Odeneal*, the Sixth Circuit found constitutionally permissible defendant's mandatory life sentence for conspiring to distribute

-19-

approximately 72 pounds of marijuana, 48 grams of heroin, 1 kilogram of cocaine, and 378 grams of cocaine base, even though defendant argued that he had spent only 90 days in prison on his prior drug-related conviction. *Id.,* 517 F.3d 406, 413 (6th Cir. 2008). In *United States v. Stone*, the court rejected defendant's argument that his mandatory life sentence for conspiring to distribute crack, after having been convicted of two prior felony drug offenses constituted cruel and unusual punishment in violation of the Eighth Amendment. *Id.*, 218 Fed. Appx. 425, 428 (6th Cir. 2007). *See also, United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998) (enhanced mandatory life sentence for possession with intent to distribute over 5 kilograms of cocaine after defendant had been convicted of two prior felony drug offenses did not constitute cruel and unusual punishment in violation of the Eighth Amendment); *United States v. Hill*, 30 F.3d 48, 50 (6th Cir. 1994) (enhanced mandatory life sentence for conspiring to distribute 178 grams of crack after two prior felony drug convictions did not constitute cruel and unusual punishment in violation of the Eighth Amendment).

Defendant also argues that a mandatory life sentence is wholly disproportionate to the sentences of his co-defendants. Defendant states that his co-defendants are similarly situated, but their role in the criminal conduct and their record of prior convictions are in fact greater than that of defendant. Defendant distinguishes his case from the case of *United States v. Ordeneal,* where the Sixth Circuit held that the Eighth Amendment does not require comparative proportionality among co-defendants. *Id.*, 517 F.3d at 414. Defendant states that although *Ordeneal* involved a § 841(b)(1)(A)

mandatory life sentence imposed on one co-defendant and not another, the defendants were not similarly situated, as the defendant not receiving the life sentence played a minor role in the conspiracy, pled guilty, and cooperated with the government. *Id.* The court fails to see the distinction. Here, co-defendants Robinson, Richardson and Hughes all pled to mandatory life sentences, they cooperated and testified at defendant's trial to assist the government in its prosecution, and have earned a downward departure pursuant to 18 U.S.C. § 3553(e).

Defendant next argues that had he been arrested in Mexico on the current charges, he could not have been extradited back to the United States under the extradition treaty between the United States and Mexico absent assurances from the United States that he would not receive a life sentence. The government points out that defendant was not arrested in Mexico; he was arrested in the United States. Additionally, the United States deported defendant to Mexico in 1993, but he illegally reentered the United States and continued his drug distribution activities. The court concurs in the government's position that this argument is wholly without merit.

G.      The Vienna Convention on Consular Relations provides no ground for relief
        from the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A).

Defendant argues that the government's notice of application of enhanced penalties is inadequate as a matter of law because the government has not demonstrated compliance with the Vienna Convention on Consular Relations. Defendant contends that

-21-

unless the government can demonstrate compliance with the Vienna Convention, the court may not sentence him to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A).

Once again, the Sixth Circuit has rejected defendant's argument. In *United States v. Emuegbunam*, the court held that the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce. *Id.*, 268 F.3d 377, 394 (6th Cir. 2001). The court explained its reasoning as follows:

> Since 1970 the State Department has consistently taken the view that the Vienna Convention does not create individual rights. (citations omitted) In the view of the State Department, "the only remedies for failures of consular notification under the Vienna Convention are diplomatic, political, or exist between states under international law." *Page*, 232 F.3d at 541. . . . Apparently, no country remedies violations of the Vienna Convention through its criminal justice system. *Li,* 206 F.3d at 65. "These practices evidence a belief among Vienna Convention signatory nations that the treaty's dictates simply are not enforceable in host nation's criminal courts." *Id.* at 66.

*Id.* at 392.

Moreover, even if the Vienna Convention was not followed, defendant has suffered no harm against which the Vienna Convention's consular notification was intended to protect. The defendant states that the government's adherence to the provisions of the Vienna Convention is critical for ensuring that foreign nationals are able to invoke rights guaranteed to criminal defendants in the United States. In this case, defendant has been represented by counsel since his initial appearance in this district. Defendant is being

-22-

afforded an opportunity to contest the use of his prior convictions to enhance his penalty under § 841(b)(1)(A).  Defendant is not a foreign tourist not fluent in the English Language and unfamiliar with the criminal justice system of the United States.  Defendant is married to an American citizen, and has lived in the United States most of his life.  He speaks English and proceeded to trial without the need of an interpreter.  He is familiar with the criminal justice system of the United States having been charged with, and convicted of, felony drug offenses on three prior occasions in which he was represented by counsel. Two in California courts and one in federal court.  Defendant cannot show that the government's failure to provide notice of the enhanced penalties under § 851 to the Mexican Consulate has prejudiced him in this case.

Accordingly, the Vienna Convention does not afford defendant any relief from the application of the enhanced penalty provisions of 21 U.S.C. § 41(b)(1)(A) in this case.

### III

### Conclusion

For the reasons stated above, defendant's objections to the government's application for enhanced penalties [Docs. 492, 522] are **OVERRULED** in their entirety.

**ENTER:**

-23-

s/ Thomas W. Phillips
                                 United States District Judge