UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-148 |
| | ) | (PHILLIPS/GUYTON) |
| VICENTE CORONA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned for disposition of the Defendant's Motion to Compel [Doc. 547] pursuant to 28 U.S.C. § 636(b) and the Order [Doc. 548] of Thomas W. Phillips, United States District Judge. The Defendant seeks an order from the Court compelling the Government to respond to his request for additional discovery by providing him with "information concerning the identity of the person identified at trial as 'Worm' as well as any information in its possession concerning the involvement of 'Worm' in narcotics distribution, in particular cocaine." [Doc. 547 at 1]. While the Defendant does not expressly attack the validity of his conviction or explicitly allege a violation of his constitutional due process rights, it is clear that the purpose of his motion is to obtain information that he believes will form the basis for a future request to reverse his conviction.[1]

---

[1] The Court notes that the Defendant has previously and unsuccessfully argued that the Government's failure to disclose information concerning the Original Valley Gang ("OVG"), the

1

The Defendant argues that he is entitled to receive this information now, *post-conviction*, because the information is exculpatory in that it is "inconsistent with the Government's theories at trial [and] undermines specific arguments and assertions of the Government's counsel during trial." [Doc. 547 at 3]. The Defendant appears to argue that because the information he now seeks is exculpatory and thus *was* subject to disclosure under the doctrine of Brady v. Maryland, 373 U.S. 83 (1963), before trial, it must be disclosed upon his request even *after* the conclusion of the trial and the entry of judgment on his conviction. Notably, the Defendant does not assert that he specifically requested disclosure of the information covered in his Motion to Compel *before* trial. Instead, the Defendant argues that (1) he was "never required to make a specific Brady request concerning this particular information" *before* trial because it was clearly exculpatory and therefore subject to mandatory disclosure "irrespective of whether it [was] specifically requested" [Doc. 547 at 3]; and (2) *after* trial he "specifically delineated the exculpatory information requested: the identity of 'Worm' and information concerning his cocaine distribution activities." [Doc. 547 at 4].

In response, the Government argues that the information the Defendant seeks to obtain with his Motion to Compel was not subject to pretrial disclosure under Brady–and is therefore not subject to post-trial disclosure now–because it is not material to the Defendant's guilt or punishment. The Government states that "even if by some chance any of the California-based agencies named

---

OBG gang, and other affiliated gangs violated his due process rights as articulated in Brady v. Maryland, 373 U.S. 83 (1963), and thus warranted a new trial. See [Doc. 509 at 10-24]; [Doc. 525 at 5-10]; [Doc. 563 at 5-8] (denying the Defendant's Second Motion for a New Trial [Doc. 509] because the information concerning gangs sought by the Defendant before trial was not exculpatory evidence subject to disclosure under Brady). The Court agrees with the Government that the Defendant's "only possible purpose for moving the Court to compel the Government to conduct a search for the Worm-related information requested...is to gather information for the purpose of mounting a Brady challenge to the verdict against him." [Doc. 549 at 12].

in Defendant's motion to compel actually possess information indicating that Worm sold cocaine, the suppression of such information does not undermine confidence in the jury's verdict." [Doc. 549 at 11]. The Government also asserts that "the first time [the Defendant] asked [it] for information that might be in its possession related to Worm's distribution of cocaine was in a footnote to his motion for new trial nearly nine months after the jury convicted him of conspiring to distribute cocaine." [Doc. 549 at 5] (citing [Doc. 509 at 23 n.2]). Accordingly, the Government argues that the Defendant improperly seeks to turn the Brady doctrine into a post-trial discovery device based on nothing more than "utter speculation" about the exculpatory value of the information sought and frustration that the jury did not accept his defense at trial. [Doc. 549 at 11].

If the information now sought by the Defendant was subject to disclosure under the Brady doctrine *before* trial and was in fact possessed by the Government, there would be no doubt that non-disclosure was a violation of the Defendant's constitutional due process rights. However, the proper remedy for that violation is *not* an order from the Court compelling the Government to provide the information to the Defendant as additional post-conviction discovery. A defendant properly seeks redress of a Brady violation by moving for a reversal of his conviction and a new trial. The Government is correct that the Brady doctrine is not intended to serve as a post-trial discovery device. See District Att'y's Office for Third Judicial Dist. v. Osborne, 129 S. Ct. 2308, 2319-20 (June 18, 2009) (noting that the Court of Appeals for the Ninth Circuit correctly "acknowledged that nothing in our precedents suggested that [the Brady] disclosure obligation continued after the defendant was convicted and the case was closed"). Accordingly, the Court need not consider whether there was actually a Brady violation in this case in order to rule on the Defendant's Motion to Compel.

The Defendant has offered no substantiation of his claim that the Government has in its possession "information concerning the identity of the person identified at trial as 'Worm'" or information "concerning the involvement of 'Worm' in narcotics distribution, in particular cocaine." The existence of this information is speculative and the Defendant has offered nothing to persuade the Court that, if it does exist, it is in the possession of the Government. Further, the Defendant's request for information lacks particularity. The Defendant does not specify any documents, recordings, photographs, or other materials that he seeks. The Defendant effectively requests a broad and burdensome order that would require the Government to cast about without any direction for information that may not exist. Brady and its progeny do not entitle the Defendant to such an order. See, e.g., United States v. Aguilar, 286 Fed. App'x 716, 723 (11th Cir. 2008) ("the district court may decline to order discovery based on mere speculation as to whether material would contain exculpatory evidence because to do so would convert Brady into a discovery device and impose an undue burden upon the district court."). The Defendant's Motion to Compel **[Doc. 547]** is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge