UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VICENTE CORONA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 3:05-CR-148 |
| ) | Judge Phillips |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Vicente Corona ("petitioner") has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255; or in the alternative for *Coram Nobis* relief, or in the alternative for a new trial under F.R.Cr.P 33 [Doc. 592].

**Background**

Petitioner and two co-defendants, Dennis Richardson and Jermaine Hughes, were indicted in 2005 for various drug and related offenses, including a conspiracy to distribute and to possess with the intent to distribute cocaine and marijuana. Richardson and Hughes ultimately entered into plea agreements with the United States[1], but petitioner opted for a trial. Following a 9-day jury trial, petitioner was convicted of conspiring to distribute and to possess with the intent to distribute 5 or more kilograms of cocaine and a quantity of marijuana; conspiring to commit money laundering; and three counts of distributing more

---

[1]Plea agreements [Docs. 151, 274].

than 5 kilograms of cocaine.[2] Because of the quantity of cocaine involved and two prior felony drug convictions, petitioner was sentenced to a mandatory life sentence.[3] The Sixth Circuit Court of Appeals affirmed both his conviction and sentence.[4] Petitioner's request that the Supreme Court issue a writ of certiorari was denied in February 2013.[5]

At petitioner's trial, Richardson and Hughes testified that petitioner supplied them with both cocaine and marijuana for distribution. Additionally, Richard Robinson and his wife Kimberly also testified that petitioner supplied Robinson with cocaine for distribution.[6] Petitioner's motion makes a single claim: that one of those witnesses, Dennis Richardson, has recanted his trial testimony to the extent that he now says that petitioner supplied him with only marijuana, never cocaine. He requests that he be granted an evidentiary hearing at which Richardson presumably will testify consistently with his recantation.[7]

**Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial

---

[2]Jury verdict [Doc. 465].
[3]Judgment [Doc. 574].
[4]Court of Appeals Order [Doc. 585].
[5]Doc. 588.
[6]Richard Robinson was charged in a separate indictment to which he pleaded guilty, 3:05-CR-91.
[7]He argues, illogically, that since Richardson testified falsely, so did Hughes and the two Robinsons.

or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show

3

a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

**Analysis**

*Preliminary issues*

Several matters can be disposed of quickly. First, the government asserts that petitioner's motion is untimely, pointing out that his application for the writ of certiorari was denied in February 2013, and he filed his motion in November 2014, much more than the one-year allowed by 28 U.S.C. § 2255 (f). However, § 2255(f)(4) recites that the one-year period begins to run from the latest of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner states in his motion that his attorney received an "unsolicited" phone call from Dennis Richardson on November 18, 2013 in which Richardson for the first time recanted his trial testimony. Assuming that to be true for the moment, petitioner had until November 18, 2014 in which to file his motion. He filed it on November 13, 2014. The motion is timely.

Second, petitioner's alternative request for a Writ of Error *Coram Nobis* is denied. Resort to *Coram Nobis* cannot be had when a motion under 28 U.S.C. § 2255 is available:

"*Morgan*[8] teaches that a writ of error *coram nobis* may sometimes be used to vacate a federal conviction after the petitioner has already served his sentence *and relief under 28 U.S.C. § 2255 is unavailable*." *U.S. v. Johnson*, 237 F.3d. 741, 753 (6th Cir. 2001) [emphasis supplied.] As this court has just held in the paragraph preceding, § 2255 is available to petitioner, from which it follows that *Coram Nobis* is not.

Third, petitioner's motion for a new trial under F.R.Cr.P. 33 is subsumed by his motion under § 2255.

*Main issue: Richardson's recantation*

Whether to grant a new trial based on newly discovered evidence which consists of the recantation of the trial testimony of a witness is governed by the "*Gordon*" rule enunciated in *United States v. Willis*, 257 F.3d. 636 (6th Cir. 2001): A new trial based on recanted trial testimony of a material government witness should be granted only if (1) the court is "reasonably well satisfied" that the witness' trial testimony was false; (2) without that testimony the jury might have reached a different conclusion; and (3) the party seeking a new trial was taken by surprise when the false testimony was given at trial and was unable to meet it, or did not know of its falsity until after the trial. *Willis*, 257 F.3d. at 641-2.

If the first factor is lacking, there is no need to consider the remaining factors:

> Recanting affidavits and witnesses are viewed with extreme suspicion. *United States v. Kearney*, 682 F.2d 214, 219 (D.C. Cir. 1982) (citing *United States v. Lewis*, 338 F.2d 137 (6th

---

[8] *United States v. Morgan*, 346.U.S.502 (1984).

5

Cir. 1964), cert. denied, 380 U.S. 978, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965)).

> In considering a motion for new trial based on the contention that an affidavit by a recanting witness constitutes newly discovered evidence the first test to be applied by the judge is whether the court is reasonably well satisfied that the prior testimony was false. *Gordon v. United States,* 178 F.2d 896, 900 (6th Cir. 1949). If that first and primary ground is not satisfied, the primary ground for granting the new trial is lacking. *Id*. *Kearney*, 682 F.2d at 220.

*United States v.Chambers* , 944 F.2d. 1253, 1264 (6th Cir. 2001).

The undersigned district judge, who presided over petitioner's trial and heard Richardson's testimony, is "well qualified to pass upon the truth or falsity of [Richardson's] affidavit." *United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964). Richardson's recantation of course is not in an affidavit, but merely in a recorded phone call to petitioner's attorney. Overlooking that fact, even without the guidance of *Chambers* this court is more than a bit suspicious after reading the transcript of that call. In any event, there is no need for this court to go further than the first element in the *Gordon* analysis: this court is *not* satisfied to any extent that Richardson testified falsely at the trial. The undersigned watched and listened intently to Richardson as he testified, and his testimony and his demeanor while testifying indicated that he testified truthfully when he said that he purchased many kilograms of cocaine from petitioner over an extended period of time. This court previously discussed Richardson's credibility shortly after the trial,[9] and its opinion remains the same. Long before he entered into his plea agreement with the United

---

[9]Memorandum and Order [Doc. 490].

6

States, he told a Drug Enforcement Administration agent what he ultimately testified at trial, implicating not only petitioner in cocaine trafficking, but himself as well. His trial testimony was consistent with that of the other witnesses, and it was consistent with the statement he made to the DEA agent, as just mentioned. Again, this court firmly believes Richardson testified truthfully at trial. That being so, there is no need for an evidentiary hearing, *Chambers, supra*, and petitioner's motion [Doc. 592] is denied.

**Conclusion**.

Petitioner's motion to vacate, set aside or correct his sentence [Doc. 592] is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing petitioner's claim, the Court finds that reasonable

jurists could not conclude that petitioner's claim is adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will be filed in accordance with this Memorandum and Order.

IT IS SO ORDERED:

                                                s/ Thomas W. Phillips
                                                SENIOR UNITED STATES DISTRICT JUDGE