IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| VINCENTE CORONA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:05-CR-148 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's *pro se* Motion to Alter or Amend the Judgment, Fed. R. Civ. P. 59(e) [doc. 620] and Petitioner's counseled Motion for Relief from Final Judgment, Fed. R. Civ. P. 60(b) [doc. 624]. The government has responded to Petitioner's counseled motion [doc. 628] and Petitioner has replied [doc. 629]. These matters are now ripe for the Court's review. For the reasons below, Petitioner's Rule 59(e) and 60(b) motions [docs. 620, 624] are **DENIED**.

### I.  BACKGROUND

Petitioner and two co-defendants, Dennis Richardson and Jermaine Hughes, were indicted in 2005 for various drug offenses and other related offenses, including a conspiracy to distribute and to possess with the intent to distribute both cocaine and marijuana. Richardson and Hughes ultimately entered into plea agreements with the United States [docs. 151, 274], but Petitioner opted to proceed to trial. Following a 9-day jury trial, Petitioner was convicted of: (1) conspiring to distribute, and to possess with the

intent to distribute, 5 or more kilograms of cocaine and a quantity of marijuana: (2) conspiring to commit money laundering; and (3) three counts of distributing more than 5 kilograms of cocaine. [Doc. 465]. Because of the quantity of cocaine involved, and Petitioner's two prior felony drug convictions, Petitioner was sentenced to a mandatory life sentence. [Doc. 574]. The Sixth Circuit Court of Appeals affirmed Petitioner's convictions and sentences. [Doc. 585]. Petitioner sought a writ of certiorari from the Supreme Court, which was denied in February 2013. [Doc. 588].

Of relevance, at Petitioner's trial, co-defendants Richardson and Hughes testified that Petitioner had supplied them with both cocaine and marijuana for distribution. Additionally, Richard and Kimberly Robinson both testified that Petitioner supplied Richard with cocaine for distribution.

On November 13, 2014, Petitioner filed a motion to vacate or set aside his sentence, pursuant to 28 U.S.C. § 2255. [Doc. 592]. In his motion, Petitioner raised one issue—that his co-defendant, Richardson, had recanted his trial testimony, and now stated that Petitioner was only involved in providing him with marijuana for distribution, not cocaine. On October 23, 2017, this Court ordered the government to respond. [Doc. 608]. On December 8, 2017, after receiving an extension of time from the Court, the government responded in opposition to Petitioner's § 2255 motion. [Doc. 613]. Petitioner did not file a reply, and on January 3, 2018, the Court denied the § 2255 motion. [Docs. 617, 618].

Notably, the Court assumed for purposes of its analysis that Richardson's recantation was newly discovered evidence, and found the § 2255 motion to be timely on this ground. [Doc. 617 at 4]. The Court then explained the standard for granting a new

2

trial based on the recantation of trial testimony, but concluded that the first factor—that the court is "reasonably well satisfied" that the witness' trial testimony was false—was lacking in this case. [*Id*. at 5]. The undersigned district judge noted that he had presided over Petitioner's trial and heard Richardson's testimony, and concluded that Richardson had testified truthfully at trial. [*Id*. at 6]. The Court thus concluded that an evidentiary hearing was unnecessary, and denied Petitioner's § 2255 motion. [*Id*. at 7].

The Court further addressed whether a certificate of appealability ("COA") should be granted. [*Id*.]. The Court quoted the statute governing the issuance of a COA—28 U.S.C. § 2253(c)(2)—which requires a "substantial showing of a denial of a constitutional right." The Court also quoted the seminal Supreme Court decision relating to the applicable COA standard, *Slack v. McDaniel*, 529 U.S. 473 (2000), which requires that a Petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." [*Id*.]. The Court then concluded that "[a]fter reviewing petitioner's claim, the Court finds that reasonable jurists could not conclude that petitioner's claim is adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." [*Id*. at 7-8].

II. **ANALYSIS**

After the Court's denial of his § 2255 motion, on January 29, 2018, Petitioner filed a *pro se* Motion to Alter or Amend the Judgment, pursuant to Fed. R. Civ. P. 59(e). [Doc. 620]. In this motion, Petitioner asserts that the Court should reconsider its denial of his § 2255 motion, because he was "deprived of the opportunity to file a reply to the

3

Government's response to his 2255 motion[.]" [*Id*. at 2]. Petitioner states that, when the Court issued its order denying his § 2255 motion, his counsel was in the process of filing a reply, which "contained factual matters relevant to the decision making process of the 2255 motion." [*Id*.].

Thereafter, on April 18, 2019, Petitioner, through counsel, filed a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b).[1] [Doc. 624]. Petitioner contends that this Court erroneously denied a COA, based on the same reasons that it denied the § 2255 motion. [*Id*. at 12]. Petitioner admits that the Court quoted the appropriate standard, but asserts that the Court erred in "pointing only to its merits opinion" to determine that reasonable jurists would not debate Petitioner's claim. [*Id*. at 13]. Specifically, Petitioner contends that the Court's decision to deny his § 2255 motion without the benefit of an evidentiary hearing is debatable. [*Id*. at 13-15]. Petitioner cites to the Supreme Court's decision in *Buck v. Davis*, 137 S. Ct. 759 (2017), which Petitioner alleges "demonstrates that the wrong standard was used to decline COA." [*Id*. at 15-16]. Alternatively, Petitioner argues that this Court should treat his Rule 59(e) motion as a timely notice of appeal. [*Id*. at 16-17].

The government responds that: (1) this Court reasonably exercised its discretion in declining to hold an evidentiary hearing; (2) the Court properly declined to grant a COA, and *Buck* is inapplicable, because that case applied to the appellate court, rather than the district court; and (3) the Court did not err in failing to rule on Petitioner's Rule 59(e)

---

[1] Petitioner erroneously references Federal Rule of Criminal Procedure 60(b) in the heading of this motion, as well as several points throughout the motion.

motion, because it was a *pro se* motion filed while Petitioner was represented by counsel, in violation of this Court's local rules. [Doc. 628]. Petitioner, in reply, argues that his Rule 60(b) motion does not attack the decision to deny § 2255 relief, or to deny an evidentiary hearing, but merely attacks the order declining to issue a COA. [Doc. 629 at 3-4]. Petitioner also asserts that his Rule 59(e) motion should be construed as a timely notice of appeal because it "lists the correct case number, and argues that the judgment dismissing his § 2255 motion should be vacated because he was innocent of an offense involving cocaine and he only dealt in marijuana." [*Id.* at 5]. Finally, Petitioner contests the government's claim that he was represented at the time that he filed his Rule 59(e) motion, and states that "[t]he government's position defies the facts that the motion was prepared by Mr. Corona, signed by Mr. Corona, and mailed by Mr. Corona from prison to the district court. The motion was clearly not prepared and filed by an attorney but was filed by Mr. Corona[.]" [*Id.* at 6 (citation omitted)].

**A. Rule 60(b) Motion**

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for specific reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must show the applicability of the Rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Determination of a Rule 60(b) motion is within the discretion of the court. *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). "However, relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted). Subsection (6) of Rule 60(b) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) will apply only in "unusual and extreme situations where principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (emphasis in original).

As an initial matter, given that Petitioner's primary argument at this stage in the litigation is that this Court erroneously denied a COA, a Rule 60(b) motion is not the appropriate means for Petitioner to seek relief. "The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of

6

appealability before the appellate court in the appeal from the judgment denying the motion to vacate." *Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). Ultimately, it is clear to the Court that the instant Rule 60(b) motion is the first step in counsel's procedural attempt to file an out-of-time appeal of the Court's denial of Petitioner's § 2255 motion. However, seeking relief from a final judgment under Rule 60(b) is entirely inappropriate merely to challenge the denial of a COA. Accordingly, the Court will deny Petitioner's Rule 60(b) motion on this ground.

In the alternative, however, the Court further denies Petitioner's Rule 60(b) motion, because the Court did not err in denying a COA. A petitioner may appeal a final order denying a § 2255 motion only if he is issued a COA, and a COA should issue only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(a), (c)(1)(B), (c)(2). When a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack*, 529 U.S. at 484. The Court cited both the statute governing the issuance of a COA and Supreme Court case law, indicating the appropriate standard to apply, in its original order denying a COA. The Court then applied these standards and determined that reasonable jurists would not debate the denial of Petitioner's claim. The Court is not required to re-explain its analysis of the issues under the COA standard; it is enough that the Court state that a COA is denied based on the applicable COA standard.

Moreover, to the extent that Petitioner relies on *Buck* to assert that this Court misapplied the COA standard, *Buck* is inapplicable here. In *Buck*, the Court held that

7

"[u]ntil the prisoner secures a COA, *the Court of Appeals* may not rule on the merits of his case." 137 S. Ct. at 773 (emphasis added). The Court went on to explain that "[w]hen a *court of appeals* sidesteps [the COA] process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction." *Id*. (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted) (alteration in original) (emphasis added). The Court then concluded that a "*court of appeals* should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims, and ask only if the District Court's decision was debatable." *Id*. at 774 (quoting *Miller-El*, 537 U.S. at 327) (internal quotation marks omitted) (emphasis added). Clearly, the holding in *Buck* is only applicable to the COA process in the Court of Appeals. Applying this same rationale to the COA stage in the district court defies logic, as the district court must necessarily address the merits of a claim before a COA even becomes necessary. Accordingly, because this Court applied the correct COA standard, and nothing in *Buck* altered that standard, Petitioner's Rule 60(b) motion [doc. 624] is **DENIED**.

### B. Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) states that a party may file a motion to alter or amend the judgment within 28 days from an entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted). A party should state with clarity the

8

basis for its motion, but where the facts and law are clear, the court will apply the appropriate ground. *Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005). A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Leisure Caviar, LLC*, 616 F.3d at 615. However, a Rule 59(e) motion "'run[s] contrary" to notions of "finality and repose," and therefore, is "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007).

As an initial matter, the local rules of this Court prohibit hybrid representation. Specifically, the Court's rules state that "[w]henever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the Court, after notice by the party to the attorney and to the opposing party." E.D. Tenn. L.R. 83.4(c). Petitioner was represented in this § 2255 proceeding by attorney Alfred S. Donau, III, who filed Petitioner's § 2255 motion on his behalf. Nothing in the record indicates that Mr. Donau's representation of Petitioner ceased after the Court's order denying the § 2255 motion, and thus, Petitioner was prohibited under the local rules from filing a *pro se* Rule 59(e) motion. Petitioner's arguments that his Rule 59(e) motion was clearly written and filed by him, *pro se*, is exactly the point of the problem—Petitioner filed a *pro se* motion while he was represented by counsel in the § 2255 proceeding. Nevertheless, the Court will consider the merits of that motion.

Petitioner has not established any grounds for relief under Rule 59(e). His sole argument in his Rule 59(e) motion is that he was denied the opportunity to file a reply brief,

after the government responded to his § 2255 motion. This Court's local rules state that "any reply brief and accompanying material shall be served and filed no later than 7 days after the service of the answering brief." E.D. Tenn. L.R. 7.1(a). 26 days elapsed between the date that the government filed its response, on December 8, 2017, and the date that this Court entered its order denying Petitioner's § 2255 motion, on January 3, 2018. At no point during that time did Petitioner's counsel seek an extension of time to file a reply brief, or indicate in any way that he intended to file such brief. Because Petitioner had ample time to file his reply brief, and never sought an extension of time, there was no error in the Court's denial of his § 2255 motion without the benefit of a reply brief. Accordingly, Petitioner's Rule 59(e) motion [doc. 620] is **DENIED**.

The Court notes that, in his counseled Rule 60(b) motion, discussed above, Petitioner's counsel requests that this *pro se* Rule 59(e) motion be construed as a timely notice of appeal. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). Courts may recharacterize a *pro se* filing to avoid an unnecessary dismissal, avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion's claim and its underlying legal basis. *Id.* at 381-82.

Here, none of those reasons for recharacterization of a *pro se* filing apply. Petitioner labeled his motion as a Rule 59(e) motion, and properly raised a challenge, albeit a meritless challenge, to the Court's procedure in denying his § 2255 motion. Contrary to counsel's assertion, Petitioner's Rule 59(e) motion did not attempt to re-argue that his

convictions were invalid, but rather, centered on the fact that no reply brief was filed before the order denying his § 2255 motion. Nothing in the substance of the motion indicates that Petitioner intended it to be anything other than what he labeled it: a Rule 59(e) motion to alter or amend the judgment. As the Court noted previously, it is clear that Petitioner failed to timely file a notice of appeal from the Court's denial of his § 2255 motion, and counsel now seeks to sidestep that problem, both through the filing of a frivolous Rule 60(b) motion, and an attempt to have Petitioner's Rule 59(e) motion construed as a timely notice of appeal. But Petitioner's failure to file a timely notice of appeal is simply not a proper ground for this Court to recharacterize a *pro se* filing. Accordingly, the Court **DECLINES** to recharacterize Petitioner's Rule 59(e) motion as a notice of appeal.

### III. CONCLUSION

Accordingly, for the reasons stated above, Petitioner's *pro se* Motion to Alter or Amend the Judgment [doc. 620] and Petitioner's counseled Motion for Relief from Final Judgment [doc. 624] are **DENIED**. The Court **DECLINES** to construe Petitioner's Rule 59(e) motion [doc. 620] as a notice of appeal.

### IV. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a COA should Petitioner file a notice of appeal. A petitioner may appeal a final order denying a § 2255 motion (or a Rule 60(b) motion) only if he is issued a COA, and a COA should issue only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(a), (c)(1)(B), (c)(2); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). When a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find

the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's denial of Petitioner's Rule 59(e) or Rule 60(b) motions. Because Petitioner has failed to make such a showing, a COA **SHALL NOT ISSUE**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3)(A).

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE