UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-148 |
| | ) | |
| VICENTE CORONA | ) | |

## MEMORANDUM AND ORDER

In March 2010, the Honorable Thomas W. Phillips sentenced the defendant to an enhanced statutory minimum sentence of life imprisonment for controlled substance and money laundering offenses. The defendant is presently housed at FCI Victorville Medium I. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 3, 2020).

Now before the Court is the defendant's counseled motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 638]. The United States has responded in opposition to the motion, and the defendant has submitted a reply. [Docs. 642, 643]. For the reasons that follow, the motion will be denied.

## I.    BACKGROUND

The defendant brings his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. In support, he cites the COVID-19 pandemic, his age (51), his rehabilitative efforts and family support, and the possibility that he would receive a lesser term of imprisonment if sentenced today under current law.

## II.    DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-

2

LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* at *2 (citations omitted).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). If the movant clears that hurdle, the Court must determine whether he or she is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). If not, then the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

## A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief motion on his behalf. [Doc. 638, ex. 1]. Thirty days have passed since that request was received by the warden of his facility. [*Id.*]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

Nonetheless, citing district court authority from outside this circuit, the United States argues that the Court is barred from considering most of the defendant's arguments because he did not expressly raise them in his request to the BOP. [Doc. 642, p. 11]. For

3

purposes of the present motion, the Court will presume that it indeed has authority to consider all of the arguments presented here because, in any event, those arguments do not amount to "extraordinary and compelling reasons" for compassionate release.

## B. Merits

### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)    The defendant is—

(I)     suffering from a serious physical or medical condition,

(II)    suffering from a serious functional or cognitive impairment, or

(III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. —

The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

4

(C) Family Circumstances. —

> (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The defendant's motion touches on subsections (A)(ii) through (D).  He discusses the COVID-19 pandemic, his age (51), his rehabilitative efforts and family support, and the possibility that he would receive a lesser term of imprisonment if sentenced under current law.

The Court finds that subsection (A)(ii) is not satisfied in this case.  The record before the Court contains no supporting documentation as to the severity of any medical conditions or their impact on the defendant's present functioning.  His age is by no means extraordinary, and the BOP SENTRY Report shows that he is categorized as Care Level 1.  "Care Level 1 inmates are less than 70 years of age and are generally healthy.  They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months."  *See*  http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf  (last visited Nov. 3, 2020).  The Court therefore does not find that the defendant's health substantially diminishes his ability to provide self-care within the prison environment, as required by guideline 1B1.13's policy statement.

5

Further, the COVID-19 pandemic is a concern for all inmates and does not alone constitute an "extraordinary and compelling reason" for release.  *See, e.g., United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) "([T]he COVID-19 pandemic cannot present an extraordinary and compelling reason alone because the policy statement directs courts to consider individual reasons for compassionate release, not general threats to the prison population.") (citations omitted).[1]

The defendant's age plainly does not satisfy subsection (B), which applies only to persons age 65 or older.  Similarly, his family support [doc. 638, ex. 4], while appreciated, is not the sort of family circumstance contemplated by subsection (C).

That leaves subsection (D) ("there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)").  Whether, under this subsection, "*district courts* may find additional and extraordinary reasons other than those in the commentary" or whether "the note's catchall [subsection (D)] delegates to the Bureau of Prisons (*not the courts*) the task of identifying other reasons" remains an open question in this circuit.  *United States v. Ruffin*, ___ F.3d ___, No. 20-5748, 2020 WL 6268582, at * 5-7 (6th Cir. Oct. 26, 2020) (emphasis added); *compare also United States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (subsection (D) may be employed by the BOP or by the courts), *with United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (BOP only).  This Court need not enter into that dispute today because the

---

[1] The instant defendant tested positive for COVID-19 in late July 2020.  [Doc. 642, ex. 3].  As of August 12, 2020, he was noted to have recovered.  [*Id.*, ex. 2].

6

justifications offered by the defendant, taken together, do not constitute "extraordinary and compelling reasons" for compassionate release.

Being 51 may well place one in greater danger of harm from COVID-19 than being 21 or 31, and the defendant's family support—as noted—is a good thing. These facts, however, are not remarkably outside the norm.

Next, the defendant's SENTRY Report shows participation in educational and vocational programming, and his two disciplinary infractions during the current imprisonment were not serious. However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason[.]" U.S.S.G. § 1B1.13 cmt. n.3.

Lastly, the defendant's argument regarding the sentence he might receive today is a reference to Section 401(a)(1) and (a)(2) of the First Step Act. Those sections, respectively, redefine the types of prior convictions that can be used to enhance a defendant's sentence under 21 U.S.C. § 851 and they reduce the enhanced mandatory minimum sentences for certain controlled substance offenses.

However, pursuant to section 401(c) of the First Step Act, Section 401 applies only to persons who had not yet been sentenced as of December 21, 2018. *See* 132 Stat. 5194, 5221. The instant defendant was sentenced in 2010, more than eight years before the First Step Act became law. Section 401 of the First Step Act therefore does not apply to him, and this Court will not use guideline subsection (D) to circumvent Congress's express intent. *See, e.g., United States v. Cisneros*, CR. NO. 99-00107 SOM, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020) ("[T]his court hesitates to conclude that it should reduce Cisneros's sentence solely on the ground that the change in the law constitutes an extraordinary and

7

compelling circumstance. Otherwise, every inmate who might receive a reduced sentence today would be eligible for compassionate release, and Congress's decision not to make the First Step Act retroactive would be meaningless.").

Having considered the issues raised by the defendant, individually and in combination, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release.

### III.    CONCLUSION

The Court genuinely sympathizes with several of the arguments presented by the defendant.  However, in light of the pertinent legal authority and the present record, the defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 638] must be and is **DENIED**.

**IT IS SO ORDERED.**

ENTER:


_____
       s/ Leon Jordan
     United States District Judge

8