UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:05-CR-148-TAV-JEM-3 |
| VICENTE CORONA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's counseled motion for compassionate release [Doc. 653] and motion for access to the Presentence Investigation Report ("PSR") [Doc. 658]. The government responded in opposition [Doc. 654] and defendant replied [Doc. 657]. For the reasons set forth below, defendant's motion for compassionate release [Doc. 653] will be **DENIED without prejudice** and his motion for access to the PSR [Doc. 658] will be **DENIED as moot**.

### I. Background

On February 19, 2008, a jury convicted defendant of conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and a quantity of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (h); and three substantive counts of aiding and abetting the distribution of at least five kilograms of cocaine, each in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 [Doc. 465].

The PSR calculated a total criminal history score of four, resulting in a criminal history category of III [PSR ¶ 53]. The Sentencing Guidelines provide for a guideline range of 360 months to life imprisonment for a defendant with a total offense level of 40 combined with a criminal history category of III [*Id.* ¶ 73]. However, the statutory provisions underlying Count One and Counts Three through Five required the imposition of mandatory term of imprisonment of life [*Id.* ¶ 71]. *See* 21 U.S.C. § 841(b)(1)(A). Defendant was sentenced to the statutory mandatory minimum of life imprisonment followed by ten years of supervised release [Doc. 574]. Defendant appealed his conviction [Doc. 577] and the appellate court affirmed [Doc. 585]. Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255 [Doc. 592], which the Court denied [Doc. 618].

In July 2020, defendant filed his first motion for compassionate release [Doc. 638]. In his motion, defendant argued that a change in law would not trigger the mandatory minimum provision under which he was originally sentenced, thereby resulting in a greatly reduced term of imprisonment [*Id.* at 6, 8]. He additionally asserted that the COVID-19 outbreak in prison and his post-offense rehabilitation efforts provided additional bases justifying his release [*Id.* at 13]. The Court denied defendant's motion [Doc. 645] and, on appeal, the United States Court of Appeals for the Sixth Circuit affirmed [Doc. 648].

Due to his life sentence, defendant is not currently set for release from the BOP. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 28, 2025).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons ("BOP"). Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.* Defendant seeks relief under a § 3582(c)(1)(A)(i) motion [Doc. 653].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct.

13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant sought compassionate release from the BOP in August 2022 [Doc. 653-2] prior to filing the instant motion. The government does not appear to contest defendant's satisfaction of the exhaustion requirement [*see generally* Doc. 654]. Thus, the Court will evaluate defendant's motion according to the three-step test explained above.

### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the BOP filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is

5

no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A).") However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as an extraordinary and compelling ground warranting his release: (i) a change in law that creates a disparity between the sentence defendant received

6

and the sentence he would receive today; (ii) defendant's post-offense rehabilitation; and (iii) the risks posed by COVID-19 [Doc. 653, pp. 6–16, 20, 22].

### i. Changes in Law

The amended policy statement provides that changes to non-retroactive law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the

7

President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

The Court is mindful that the parties briefed this matter prior to the Sixth Circuit's decision in *Bricker* [*See, e.g.*, Doc. 653, p. 5; Doc. 654, p. 7]. Because U.S.S.G. § 1B1.13(b)(6) has been invalidated and changes to non-retroactive law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

### ii. Defendant's Medical Circumstances

The amended policy statement provides that the following may be extraordinary and compelling reasons for release:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

    (i) suffering from a serious physical or medical condition,

    (ii) suffering from a serious functional or cognitive impairment, or

8

Case 3:05-cr-00148-TAV-JEM   Document 660   Filed 04/30/25   Page 8 of 11
PageID #: 5121

- (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

- (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

- (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

- (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

In his motion for compassionate release, defendant argues that the risk of a COVID-19 infection places him "at great risk of death" [Doc. 653, p. 22; *see* Doc. 657, p. 2]. He further argues that new variants of the virus are likely to evade vaccination protection, rendering the COVID-19 vaccinations he has received an inadequate protection [Doc. 653, p. 22]. The government argues that defendant's discussion of COVID-19 fails to establish an extraordinary circumstance according to the guidelines [Doc. 654, p. 4]. It notes that defendant has received his COVID-19 vaccination [*See* Sealed Doc. 656]. It

9

also notes the lack of reported COVID-19 infections within defendant's facility [Doc. 654, p. 5].

Defendant has not established that the foregoing circumstances amount to an extraordinary and compelling reason warranting relief. First, the Sixth Circuit has ruled that a defendant's potential exposure to COVID-19 does not present an "extraordinary and compelling reason" warranting a sentencing reduction. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). This is particularly true when a defendant has "access to the COVID-19 vaccine," *Id.*, and defendant in this case has received this vaccine along with booster injections [Sealed Doc. 656]. Accordingly, the Court finds that defendant's arguments regarding his medical circumstances do not constitute an extraordinary and compelling ground warranting release.

### iii. Defendant's Rehabilitation

Defendant argues that his significant post-sentencing rehabilitation justifies a reduced sentence [Doc. 653, pp. 20–21]. Specifically, he submits his inmate education record, which shows over 3,000 hours of coursework he has completed during his incarceration [Doc. 653-3, p. 1]. Additionally, defendant has no recorded disciplinary infractions over the past six months as of the time of filing [*Id*. at 2]. While the policy statement acknowledges that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," U.S.S.G. § 1B1.13(d), it may be considered in conjunction with another rationale such as medical circumstances. Here, the Court notes that defendant has

completed a significant amount of educational programming during his incarceration, and he has maintained a clean disciplinary record throughout his years in prison, all while knowing his sentence of life imprisonment would prevent him from reentry into society.

Therefore, while the Court acknowledges defendant's rehabilitation, this factor "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). Given that the Court has rejected defendant's other extraordinary and compelling arguments, his motion [Doc. 653] is hereby **DENIED without prejudice**. Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage.

## IV. Conclusion

For the reasons set forth above, defendant's motion [Doc. 653] is **DENIED without prejudice**.

As for defendant's motion for access to the PSR [Doc. 658], the Court interprets this request to be related to "his pending motion under 18 U.S.C. § 3582(c)(1)(A)" [*Id*. at 1]. Having now ruled on that motion, defendant's request is **DENIED as moot**. Should defendant wish to obtain the PSR for any additional purposes, he may refile his request with reference to such purposes.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE